ALAN J. BERGER, Plaintiff-Appellant, v. LYLE MATTHEWS *et al.*, Defendants-Appellees.

Second District No. 2—90—0995

Opinion filed August 1, 1991.—Rehearing denied September 4, 1991.

Alan J. Berger, of Wauconda, appellant *pro se.*

Fred L. Foreman, State's Attorney, of Waukegan (Jack Bartels, Assistant State's Attorney, of counsel), for appellees Lake County Deputy Sheriff, County of Lake, and Sheriff of Lake County.

Alice Ralph, Michael A. Loizzi, and Bennet Rodick, all of Hodges, Loizzi, Eisenhammer, Rodick & Kohn, of Arlington Heights, for appellees Lyle Matthews, David Dato, and Wauconda Volunteer Fire Department, Inc.

David R. Quade, of Diver, Bollman, Grach & Quade, of Waukegan, for appellees B.J. Goodyear and Village of Wauconda.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Alan Berger, brought suit against defendants, Lyle Matthews *et al.*, for false arrest and imprisonment. After a bench trial, the trial court entered judgment in defendants' favor. Plaintiff appeals. For the following reasons, we dismiss the appeal.

On November 22, 1989, the court entered an order denying the plaintiff relief on his false imprisonment claim. Plaintiff filed his first notice of appeal on November 27, 1989. This court dismissed the appeal because of pending motions in the circuit court for attorney fees. (*Berger v. Matthews* (2d Dist. 1990), No. 2—89—1238 (unpublished order under Supreme Court Rule 23).) Subsequently, on December 18, 1989, Bernard J. Goodyear and the Village of Wauconda filed a second amended motion for attorney fees under Supreme Court Rule 137 (134 Ill. 2d R. 137), and section 1988 of the Civil Rights Act (42 U.S.C. §1988 (1982)). In addition, the Wauconda Volunteer Fire Department, Inc., Lyle Matthews and David Dato filed a motion for fees also based on Rule 137 and section 1988 on December 22, 1989.

On January 29, 1990, the trial court denied defendants' motions for attorney fees, but awarded costs for depositions and subpoena witness fees. This motion was amended on April 30, 1990, to clarify the January 29 order. The amended order provided that defendants "may file a petition for costs incurred in depositions and subpoena witness fees." Plaintiff did not file a new notice of appeal until after the petition for deposition costs and subpoena witness fees was granted by the trial court on August 20, 1990. The notice of appeal was filed on September 10, 1990.

■ To qualify as timely, a notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending post-trial

motion. (134 Ill. 2d R. 303(a)(1).) A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 118.) The January 29 order meets these criteria.

■ Although motions for attorney fees under Rule 137 are not "post-trial" motions for jurisdictional purposes, a party cannot appeal an otherwise final judgment where a Rule 137 claim has yet to be resolved unless the court makes a finding pursuant to Rule 304(a) (134 Ill. 2d R. 304(a)) that there is no just reason to delay enforcement or appeal. (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 468.) Accordingly, plaintiff's November 27, 1989, notice of appeal was premature because defendants' motions for attorney fees were still pending, and no Rule 304(a) finding was made. However, the January 29 order denied all motions for attorney fees. At this time, the trial court order became a final and appealable judgment in spite of the fact that it appeared to leave pending the amount of subpoena and deposition fees to be awarded.

■■ ■ Our courts have made a distinction between a claim for fees which is brought as part of a principal action and a claim made after the principal action has been decided. (*Marsh v. Evangelical Covenant Church*, 138 Ill. 2d at 462-63; *Servio v. Paul Roberts Auto Sales, Inc.* (1991), 211 Ill. App. 3d 751, 759.) Under Rule 137, a proceeding for attorney fees is within and a part of the underlying civil action, not a separate cause of action, and, therefore, must be resolved before the action becomes appealable unless there is a Rule 304(a) finding. (See *Marsh*, 138 Ill. 2d at 468.) However, motions for fees collateral to the judgment do not affect the appealability of a final judgment. (*Servio*, 211 Ill. App. 3d at 761.) Consequently, the petition for deposition costs and subpoena witness fees need not have been resolved before the action became appealable. The plaintiff was required to file his new notice of appeal within 30 days of January 29, 1990. Plaintiff did not file his new notice of appeal until September 10, 1990, well over the 30-day requirement. As such, this court lacks jurisdiction over all matters in this case which were resolved on or before January 29, 1990.

For the aforementioned reasons, we dismiss the appeal.

Appeal dismissed.

REINHARD, P.J., and UNVERZAGT, J., concur.