JAMES MITCHELL *et al.*, Plaintiffs-Appellees, v. ATWOOD ENTERPRISES, INC., *et al.*, Defendants-Appellees (Spartan Express, Intervenor-Appellant).

Second District No. 2—93—0093

Opinion filed December 6, 1993.

Williams & McCarthy, P.C., of Rockford (Robert E. Luedke, of counsel), for appellant.

Randall K. Reese, of Reese & Reese, of Rockford (William E. Gottfred, of counsel), for appellee James Mitchell.

Gregory E. Barrett, of Schlueter, Ecklund, Olson, Barrett & Mayfield, of Rockford, for appellee Shirlyn Mitchell.

JUSTICE GEIGER delivered the opinion of the court:

This appeal is taken by the intervenor-employer, Spartan Express, from the trial court's order distributing the agreed personal injury settlement paid by the defendants Atwood Enterprises, Inc., Clock Tower Properties, Inc., Tower Gas Mart, Inc., and Schlichting & Sons Excavating, to the plaintiffs James and Shirlyn Mitchell. We reverse and remand.

This cause arises from the plaintiff husband's slip and fall on a patch of ice and snow in January 1988. As a result of that fall, the husband was injured; the injury was determined to be covered by worker's compensation; and the husband received worker's compensation benefits for it. In January 1990, the husband and his wife filed

separate personal injury lawsuits arising from the husband's fall. The above-named defendants were various tenants at the site of his fall and the company that had done snow removal on the premises. The husband sued for his own "personal pecuniary and permanency" injury and the wife sought compensation for loss of consortium.

In 1990, the husband and wife brought separate motions (1) for the court to approve their respective settlement agreements in their respective personal injury suits; and (2) to dismiss each respective cause. The wife acknowledged her acceptance of a total settlement of $148,000; the husband acknowledged his acceptance of a total settlement of $31,500. On February 23, 1990, the court ordered the causes dismissed, noting the settlement amounts, and finding that the husband's employer would be paid $23,625 from the proceeds: 75% of the husband's settlement.

In March 1990, the husband's employer petitioned to intervene, noting its worker's compensation lien against any award to the husband (820 ILCS 305/5(b) (West 1992)). The employer also moved to vacate the court's February 23 order. It asserted that it had not been notified of the wife's consortium claim arising from the husband's injuries and that the husband and wife had attempted to circumvent its worker's compensation lien by disproportionately allocating the settlement proceeds to the wife's, rather than to the husband's, claims.

In May 1990, the trial court ordered consolidation of the husband's and wife's personal injury causes. It also allowed the employer to intervene. It vacated the earlier settlement orders. It further ordered that the portion of those orders that referred to a total settlement of $179,500 would remain in full force and effect. The court also called for a hearing on the allocation of the settlement between the husband and wife.

Following discovery and hearings on the allocation, on December 21, 1992, the court ordered that the settlement should be allocated in the following amounts: $105,500 to the wife and $74,000 to the husband. That decision was entered by a written order on January 4, 1993. On January 15, the employer moved to supplement the record in the cause and to determine costs. On January 21, the employer filed its notice of appeal from the court's January 4 allocation order. On February 1, following a hearing, the court heard the employer's January 15 motions and allowed the husband costs of $1,467.55.

During the preparation of this case, the husband and wife moved to dismiss the appeal. They first argue that we lack jurisdiction for several related reasons: (1) because there were outstanding post-trial motions when the employer filed its notice of appeal; (2) because the

employer filed no timely notice of appeal following the disposition of its post-trial motions; and (3) because the trial court made no ruling, under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), to support an appeal from less than a full and final decision. We took their motion with the case and we now deny it, in part.

While generally the filing of a notice of appeal divests the trial court of jurisdiction, the trial court may continue to determine matters collateral or incidental to the judgment. (*Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 1072.) Such collateral or supplemental matters are those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from. 152 Ill. App. 3d at 1073.

■ In this case, we find that the employer's motion to supplement the record, generally proper at any time (see 134 Ill. 2d R. 329; *People ex rel. Willett Motor Coach Co. v. Board of Education* (1988), 171 Ill. App. 3d 166, 172), and the employer's motion for costs, because it raised a matter that was supplemental to the issues recognized in the notice of appeal (see *Libertyville*, 152 Ill. App. 3d at 1073), did not extend the proper time for appeal of the court's January 4 final judgment order. Specifically regarding the matter of costs, we are not persuaded by the plaintiffs' reliance on *Mounce v. Tri-State Motor Transit Co.* (1986), 150 Ill. App. 3d 806, 809-10. The *Mounce* court did not comment on whether the resolution of the matter of costs was preliminary to the existence of a final order. We find it was not. (See *Berger v. Matthews* (1991), 216 Ill. App. 3d 942, 944.) The employer's notice of appeal was sufficient to invest us with jurisdiction over the court's allocation of the settlement.

On the other hand, we agree with the plaintiffs' argument that we lack jurisdiction over the court's February order on costs. We find that the employer's January 21 notice of appeal was not effective to give us jurisdiction over any of the matters that the trial court decided after that date. (See *Sears v. Sears* (1981), 85 Ill. 2d 253, 258.) Therefore, given the employer's failure to file a new notice of appeal following the order on costs, we find that we lack jurisdiction over that order and will not address any argument related to it. (See 134 Ill. 2d R. 303(a)(1); *Chand v. Schlimme* (1990), 138 Ill. 2d 469, 476-77.) In reaching our conclusion, we reject the employer's counterargument that is based upon the decision in *Libertyville*. Contrary to the employer's argument, that case does not support another conclusion; it does not address appellate jurisdiction over trial court orders made following the filing of the only notice of appeal.

■ The plaintiffs also argue that we should dismiss the appeal because the employer accepted the entire settlement amount allocated to the husband in the court's judgment and is, thus, estopped from appealing the judgment. The employer has not addressed this argument.

Under the doctrine of the release of errors, a litigant may not attack a decree if, by reason of his enjoying the benefits of the decree, the opposing party would be placed at a distinct disadvantage upon reversal. (*In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, 110-11.) The existence of a distinct disadvantage to the opposing party is the key factor. *Pitulla*, 202 Ill. App. 3d at 111.

The plaintiffs correctly assert that if the trial court's judgment is reversed because the settlement it endorsed was improperly overly favorable to the wife, then the trial court may need to reallocate the total settlement amount between them. Nevertheless, the plaintiffs have presented no reason why, and we have not found any realistic possibility that (1) upon reevaluation, the trial court would allocate a smaller amount to the husband; or (2) the plaintiffs will be otherwise disadvantaged. (See *Gold v. Rader* (1990), 201 Ill. App. 3d 775, 781.) Because we find no indication of a distinct disadvantage to the plaintiffs, we deny dismissal on this ground.

The employer also has presented a preliminary argument. That argument is that the wife's consortium claim should be dismissed under the rule requiring the mandatory joinder of consortium claims. We are not persuaded by the employer's argument. We note, as do the plaintiffs, that the wife's claim was, in fact, consolidated with the husband's. See *Brown v. Metzger* (1984), 104 Ill. 2d 30.

We now turn to the merits of the case. The basic issue before us is whether the trial court's order, approving allocation of 59% of the plaintiffs' settlement proceeds to the wife's claims, was proper. In challenging the court's order, the employer raises four arguments: (1) that the court erroneously analyzed the matter under the Contribution Act (740 ILCS 100/2 (West 1992)) rather than under section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)); (2) that neither the wife's ventricular fibrillation nor the husband's alleged psychological condition supported the trial court's allocation; (3) that the husband's lost time and medical expenses may not be allocated to the wife's claims where the husband has already obtained worker's compensation for those elements; and (4) that the expert testimony did not support the allocation.

We find that the key dispute between the employer and the plaintiffs is about what elements the trial court could properly include in

its allocation to the wife. In its argument on that primary issue, the employer argues that the trial court erroneously included amounts for the husband's medical expenses and lost wages in its allocation to the wife. In response, the plaintiffs argue (1) that the employer merely speculates that the court included those disputed elements in its allocation to the wife; and (2) that the court was entitled to include those elements in any case. We begin our analysis on this pivotal matter.

Initially, we reject reliance on the plaintiffs' former argument. The record is clear that in the trial court the plaintiffs argued for the inclusion of the husband's lost wages and medical expenses in her allocation. The record is also clear that in approving the settlement the court specifically included "the medical expenses" in the elements it found "properly chargeable to [the wife]." Based on this record, we need not merely speculate that the court's allocation to the wife included these disputed elements.

We go on, then, to examine whether those elements could be properly added to the wife's settlement allocation. Underlying our consideration on this allocation issue is section 5(b) of the Workers' Compensation Act and its provision that an employer who has paid worker's compensation benefits to its injured employee is entitled to a lien against the employee's subsequent personal injury award for the injury. (820 ILCS 305/5(b) (West 1992).) The employee's spouse's loss-of-consortium award based on the same injury is not, however, subject to the section 5(b) employer's lien. (*Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 192.) Thus, when spouses make separate personal injury settlements on an injury that supported worker's compensation benefit payments, as the share of the couple's total settlement allocated to the spouse, as opposed to the employee, increases, the end result increasingly favors the injured couple and disfavors the employer.

We are aware of no case law that squarely answers the question of whether, in a case where spouses each settle personal injury claims based on an injury that also supported worker's compensation benefits for one of them, the amount of the settlement allocated to the nonemployee spouse may include amounts for the employee spouse's lost wages and medical expenses. Recent case law is, however, highly instructive on the matter.

In its recent *Blagg* decision, the Illinois Supreme Court reviewed a decision from this court (*Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1989), 186 Ill. App. 3d 955) that gives good guidance to our current analysis. In that case, the employee husband, after receiving worker's compensation benefits for a work-related injury, sued third parties for

his personal injury. The employee's wife also brought a personal injury suit for loss-of-consortium damages flowing from the husband's injury. The husband's employer sought third-party contribution based on its section 5(b) worker's compensation lien. *Blagg*, 143 Ill. 2d at 190.

After the husband and wife agreed, individually, to personal injury settlements of $350,000 for the wife and $100,000 for the husband, the employer objected to the apportionment of the settlement amounts between the husband and the wife, arguing that the apportionment allowed the parties to circumvent its worker's compensation lien. (143 Ill. 2d at 190.) The circuit court upheld the settlements, finding that they were made in good faith. (143 Ill. 2d at 190-91.) The appellate court, however, found that the proper test in the case went beyond one for good faith, and required that the employer's lien be protected. (186 Ill. App. 3d at 963.) The appellate court found that the settlements represented an obvious attempt to circumvent the employer's lien, and it reversed and remanded for a new hearing. (186 Ill. App. 3d at 963-64.) The plaintiffs appealed, and the supreme court affirmed. 143 Ill. 2d 188.

Under *Blagg*, Illinois law is clear that the trial court's protection of an employer's worker's compensation lien, in a case such as this one, is of utmost importance. (143 Ill. 2d at 195.) Equally clear is that the trial court's role in such a case is to closely scrutinize a settlement award's allocation between the personal injury claim of the employee and the loss-of-consortium claim of the spouse. 143 Ill. 2d at 195.

The plaintiffs' argument for inclusion of the husband's lost time and medical expenses and the wife's allocation relies, in part, on cases that are unpersuasive because they do not involve the crucial conflict here: that between the spouse's allocation and the employer's worker's compensation lien. See *Dini v. Naiditch* (1960), 20 Ill. 2d 406; *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195; *Brown v. Metzger* (1984), 104 Ill. 2d 30; *Pease v. Ace Hardware Home Center of Round Lake No. 252c* (1986), 147 Ill. App. 3d 546.

The plaintiffs' further argument presumes that, to the extent that the court's allocation to the wife included an amount representing the husband's lost wages and medical expenses, that amount represented only *future* wages or expenses, so that worker's compensation payments would not have caused double recovery. According to the plaintiffs, allocation of those future amounts to the spouse is appropriate, so long as the trier of fact is clearly advised, as was the trial court here, that double recovery should be prevented. Also according to the plaintiffs, plaintiffs' counsel here was entitled to ask for those amounts to be allocated to the wife, because the wife was more stable than the husband and she had the best chance of preserving the money.

■ The plaintiffs offer no direct authority for the arguments we have just outlined. Consequently, we may find them waived. (See 134 Ill. 2d R. 341(e)(7).) However, as the question of whether the trial court properly accepted the allocation at issue remains before us, we go on to find no reason to diverge from the clear message of *Blagg*: that the employer's worker's compensation lien is preeminent in these cases. Under section 5(b), the employer is entitled to a lien up to "the amount of compensation paid *or to be paid* by [the employer] to such employee." (Emphasis added.) (820 ILCS 305/5(b) (West 1992).) That statutory language clearly conflicts with a conclusion that a spouse, in a case like this one, may be properly allocated wage amounts that might duplicate worker's compensation to be paid the employee spouse in the future.

With reference to the broad statements of law in the *Blagg* decision, the relevant statutory provisions, and the absence of any contrary indications in the law, we find that the close scrutiny to which settlement agreements in a case like this must be subjected requires the exclusion of amounts for the employee's lost time and medical expenses from the spouse's allocation. The conflict between the clear law and the approach urged by the plaintiffs must be resolved to protect the employer's worker's compensation lien. See *Blagg*, 143 Ill. 2d at 195.

Based on the foregoing, we find that the trial court's approval of the current allocation, with its indication that it assigned amounts representing the husband's lost wages and medical expenses to the wife's award, must be reversed. Despite the evidence of various elements to be included in the wife's recovery, we find that the record does not demonstrate that the trial court's award (1) fairly and reasonably allocates the total settlement amount and (2) gives preeminence to the employer's worker's compensation lien. See *Blagg*, 186 Ill. App. 3d at 963; 143 Ill. 2d at 195.

Based on the foregoing, we need not address the remainder of the employer's argument that the court's award was not adequately supported by the evidence. Rather, we reverse the judgment of the circuit court of Winnebago County and remand the cause for the court's reevaluation of the proper allocation between the plaintiffs, in accordance with this decision.

Reversed and remanded.

BOWMAN and COLWELL, JJ., concur.