ELMHURST-CHICAGO STONE COMPANY, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (James Wolsfeld, Appellee).

Second District (Industrial Commission Division)   No. 2—94—0396WC

Opinion filed February 24, 1995.

Gerald F. Cooper, Jr., of Kane, Doy & Harrington, Ltd., of Chicago, for appellant.

Aaron P. Brill, of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, James Wolsfeld, sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.* (now codified, as amended, at 820 ILCS 305/1 *et seq.* (West 1992))) for injuries sustained on December 12, 1990, while in the employ of Elmhurst-Chicago Stone Co. (employer). The arbitrator awarded claimant temporary total disability through the date of the hearing. While the case was pending on review before the Industrial Commission (Commission), claimant filed a second section 19(b) petition seeking additional temporary total disability. The arbitrator issued a second decision awarding such benefits beginning with the date of the first hearing. The Commission affirmed both awards, and the circuit court of Du Page County confirmed both decisions of the Commission which by then had been consolidated for purposes of appeal. Employer appeals the circuit court decision arguing that neither the arbitrator nor the Commission had jurisdiction to enter a second decision while their first decisions were pending on appeal. Employer also contends the amount of the award is against the manifest weight of the evidence. Employer questions the length of time awarded with respect to temporary total disability benefits and the inclusion of certain medical bills. We affirm in part and remand in part.

On December 12, 1990, claimant, a 32-year-old heavy equipment operator, sustained a low back injury when the earth mover he was operating struck a rock. Claimant went to the Itasca Medical Center, where he was given the diagnosis of low back strain. He was released to light-duty work the same day provided he refrained from bending and lifting. Because the pain did not subside, claimant sought treatment from his family physician, Dr. Gilbert. X rays taken at this time revealed an old chip fracture of the vertebra at L5.

Claimant's pain persisted to the point he sought treatment from another physician, Dr. Malik. Dr. Malik diagnosed claimant as suffering from acute lumbosacral strain and instability of the spine and referred claimant to a neurosurgeon, Dr. Lorenz. Dr. Lorenz also diagnosed low back strain with nerve root irritation at S1 and released him to light duty work with restrictions. Claimant was then referred to Dr. Eilers. Dr. Eilers examined claimant on March 20, 1991, and diagnosed a muscle strain/sprain injury possibly superimposed on degenerative disc changes with possible radiculopathy. An MRI conducted on April 11, 1991, revealed a broad based central disc herniation at L1-L2 and bulges at L3-L4, L4-L5, and L5-S1. Dr. Eilers referred claimant to a rehabilitation center for physical therapy and to Dr. Kazan for a neurosurgical evaluation. Dr. Kazan diagnosed degenerative disc disease at L1-L2, L4-L5, and L5-S1. He did not recommend surgery and suggested claimant could return to work with restrictions. Based on Dr. Kazan's recommendations, claimant returned to work for employer on May 29, 1991, as a dispatcher in the scale room. Claimant was also offered the position of driving a water hauling truck to water down unpaved gravel roads. Claimant did not believe he could handle the job given the current limits of his physical capabilities and, accordingly, turned it down. Claimant's temporary total disability and medical benefits were then terminated.

Claimant still was suffering from back pain and asked to see another physician, Dr. Eugene J. Bartucci. Claimant first saw Dr. Bartucci, an orthopedic surgeon, in August 1991. Dr. Bartucci diagnosed degeneration and bulging of discs, a fairly large herniation of at least one disc, nerve root impingement, and a fracture of the L4 vertebral body. He recommended physical therapy and opined claimant was disabled from work of any type. Claimant stopped working for employer at the end of August 1991 and continued under the care of Dr. Bartucci. On May 18, 1992, claimant underwent a decompressive laminectomy at L4-L5. After additional physical therapy, claimant was then released to sedentary work on August 3, 1992. Dr. Bartucci opined claimant's condition of ill-being was causally related to his accident at work on December 12, 1990.

●1 We first address the issue of jurisdiction. Section 19(b) of the Act provides in part:

> "The Arbitrator may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of

temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability." (820 ILCS 305/19(b) (West 1992).)

According to the plain language of the Act, an award pursuant to section 19(b) does not bar an arbitrator from making additional determinations in a case as to the nature and extent of claimant's disability. The scope of the first section 19(b) hearing here was limited to the determination of temporary disability *ending* December 18, 1991. The second section 19(b) proceeding sought an award for benefits and expenses incurred *after* December 18, 1991. Each section 19(b) petition was a separate proceeding involving separate and distinct facts. Accordingly, each section 19(b) decision was and is a separate and appealable order. (See *F&E Erection Co. v. Industrial Comm'n* (1987), 162 Ill. App. 3d 156, 167-68, 514 N.E.2d 1147, 1154; see also *Mitchell v. Atwood Enterprises, Inc.* (1993), 253 Ill. App. 3d 475, 478, 624 N.E.2d 878, 881 (trial court may continue to determine matters collateral or incidental to the judgment including matters arising subsequent to delivery of judgment appealed from).) Clearly this is what the legislature intended as evidenced by the wording of section 19(b). As the Commission itself stated:

"It serves no useful purpose to deny the Petitioner access to procedures to determine his continued entitlement to these benefits by merely permitting the Respondent to close off the Petitioner's avenue to a remedy by filing an appeal in the Circuit Court. It will be more in accord with the remedial nature of the Workers' Compensation Act to permit the receipt of evidence for successive periods in order that the evidence of these successive periods will have been taken and Decisions rendered which can be enforced in the event the Petitioner prevails in the courts on appeal of the original findings. Otherwise, the Petitioner must wait until the completion of the judicial process before he begins to put on his evidence for benefits he may be entitled to for succeeding periods.

[T]he Commission finds that it has jurisdiction to hear this Review of the second § 19(b) Decision of the Arbitrator. This conclusion is consistent with the purpose of the Act. The primary purpose of the Workers' Compensation Act is to provide employees a prompt, sure and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in the course of their employment [citations], and to require the cost of such injuries to be borne by the industry itself and not by its individual members [citations]."

Based on the express language of section 19(b) and on the policies

and principles underlying the Act in general, we conclude jurisdiction was proper for both the arbitrator and Commission in connection with claimant's second section 19(b) proceeding.

■ Turning to the manifest weight of the evidence question, we again conclude the Commission's decisions, as confirmed by the circuit court, with respect to the awards of temporary total disability and medical expenses, must be affirmed. It is the function of the Commission to decide questions of fact and causation, to judge the credibility of the witnesses, and to resolve conflicting medical evidence. (*E.g., O'Dette v. Industrial Comm'n* (1980), 79 Ill. 2d 249, 253, 403 N.E.2d 221, 223-24; *International Harvester Co. v. Industrial Comm'n* (1970), 46 Ill. 2d 238, 244, 263 N.E.2d 49, 53.) Only if the findings of the Commission are against the manifest weight of the evidence will they be reversed on appeal. (*O'Dette*, 79 Ill. 2d at 253, 403 N.E.2d at 224; *Caterpillar, Inc. v. Industrial Comm'n* (1992), 228 Ill. App. 3d 288, 291, 591 N.E.2d 894, 896.) And, in order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must clearly be apparent. (*Wagner Castings Co. v. Industrial Comm'n* (1993), 241 Ill. App. 3d 584, 595, 609 N.E.2d 397, 405; *Caterpillar*, 228 Ill. App. 3d at 291, 591 N.E.2d at 896.) No such opposite conclusion is apparent here.

Ever since claimant's truck struck a rock on December 12, 1990, claimant has been experiencing chronic back pain. All of the doctors who examined and/or treated claimant diagnosed claimant as suffering from, at a minimum, low back strain; at least three diagnosed degenerative disc disease, bulging and herniations of discs, and nerve root impingement. Claimant's last physician, Dr. Bartucci, opined claimant was disabled from any type of work other than sedentary employment, and only then after first undergoing a decompressive laminectomy. Clearly claimant was not capable of driving a water truck for employer. And, once claimant turned down such a position, employer terminated all contacts. We cannot say under such circumstances the Commission erred in concluding claimant was entitled to benefits for the periods in question. We do note, however, that the Commission awarded temporary total disability benefits for the period of May 29, 1991, to August 21, 1991, a time when claimant returned to work for employer in the scale room. Claimant was not entitled to benefits for this time period. Therefore we must remand this cause to the Commission for correction of the dates claimant is to receive temporary total disability.

■ Finally, we find no error in the Commission including in the awards compensation for services rendered by Dr. Bartucci. Employer believes, as Dr. Bartucci was claimant's third doctor of choice, under

section 8(a) of the Act, it is not responsible for his medical bills. Employer argues claimant's wife recommended Dr. Bartucci first, which prompted claimant to ask his then treating physician to refer him to Dr. Bartucci. No matter how Dr. Bartucci's name initially came up, claimant's treating doctor still referred him to Dr. Bartucci. Accordingly, as Dr. Bartucci was in the chain of referral, employer is responsible for his medical bills.

For the aforementioned reasons, we affirm the decision of the circuit court of Du Page County confirming the decisions of the Industrial Commission. We remand this cause to the Commission, however, in order to eliminate temporary total disability benefits awarded for the short time period claimant returned to work for employer in 1991.

Affirmed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL and McCUS-KEY, JJ., concur.