*In re* ESTATE OF LUCY J. KUNSCH, Deceased (John W. Kunsch, Plaintiff-Appellant, v. Sara Jane Kunsch *et al.*, Indiv. and as Ex'rs and Co-Trustees of the Jane Kunsch Revocable Trust, Defendants-Appellees).

Second District   No. 2—02—0756

Opinion filed August 6, 2003.

Frederick E. Roth, of Roth Law Firm, L.L.C., of Naperville, for appellant.

George N. Vurdelja, Jr., of Vurdelja & Heaphy, of Chicago, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

This appeal arises from a cause of action seeking to declare a will and trust void. Under a will and trust executed on July 16, 1997, Lucy J. Kunsch, deceased, disinherited two of her four children. Lucy's new will and trust provided that upon her death defendants, Sara Jane Kunsch and Thomas J. Kunsch, would be the sole beneficiaries of her estate valued at over $1 million. Plaintiff, John W. Kunsch, brought suit alleging that defendants had unduly influenced their mother to change her will for their benefit and, consequently, disinherit plaintiff. Following a trial, a jury determined that the will and trust were valid. Plaintiff now appeals, challenging the propriety of the jury's verdict. We find, however, that we are without jurisdiction to consider plaintiff's appeal because he failed to initiate it by filing a timely notice of appeal.

The jury verdict in this matter was entered on March 19, 2002. On March 22, 2002, defendants filed separate motions to recover costs and to strike *lis pendens*. Then, on April 18, 2002, plaintiff filed a motion requesting an extension of time to file his posttrial motion. On May 1, 2002, the trial court ruled on defendants' motions and also granted plaintiff 30 additional days to file his posttrial motion. The trial court subsequently denied plaintiff's posttrial motion on June 28. On July 23, 2002, plaintiff filed his notice of appeal.

■ Supreme Court Rule 303(a)(1) requires that a "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion." 155 Ill. 2d R. 303(a)(1). Our supreme court demands strict compliance with its rules governing appeals, and neither a trial court nor an appellate court has authority to excuse compliance with the requirements mandated by such rules. *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 150 (1994); *Clark v. Han*, 272 Ill. App. 3d 981, 984 (1995). The timely filing of an appeal is not only mandatory, but also provides the appellate court's jurisdictional basis. See 155 Ill. 2d R. 301; see also *Clark*, 272 Ill. App. 3d at 984.

Here, plaintiff did not file his notice of appeal within 30 days after the entry of the March 19 judgment. Instead, his intent was to file a posttrial motion challenging the propriety of the jury verdict. Thus, we must determine for purposes of Supreme Court Rule 303(a)(1) if

plaintiff filed a "timely post-trial motion directed against the judgment" to stay its enforcement. 155 Ill. 2d R. 303(a)(1).

■ Section 2—1202 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1202 (West 2002)) provides that a posttrial motion must be filed within 30 days after the entry of judgment or "within any further time the court may allow within the 30 days or any extensions thereof." Hence, if the trial court extends the time for filing a posttrial motion beyond the initial 30-day period, that order must be entered within the 30-day period or within any period of extension already given. *Trentman v. Kappel*, 333 Ill. App. 3d 440, 442 (2002). Stated differently, when the 30-day period has expired without the entry of a new order setting a new deadline, the trial court loses jurisdiction over the case. *Trentman*, 333 Ill. App. 3d at 442.

In *Kwak v. St. Anthony De Padua Hospital*, 54 Ill. App. 3d 719, 724-25 (1977), the court considered a situation similar to the one in this case. There, two judgments were at issue, dated January 26 and January 29. *Kwak*, 54 Ill. App. 3d at 723. On February 23, the plaintiff filed a motion for an extension of time to file posttrial motions attacking the judgments. *Kwak*, 54 Ill. App. 3d at 723. The trial court granted the plaintiff's request for additional time on March 10, but only after the 30-day periods had already expired on February 25 and 28. *Kwak*, 54 Ill. App. 3d at 723. The appellate court held that the jurisdiction of the trial court could be extended beyond February 25 and 28 only if the extension of time was allowed prior to these dates. *Kwak*, 54 Ill. App. 3d at 724. Furthermore, the court rejected the plaintiff's claim that she was not at fault because the trial court judge was unavailable to grant the order. *Kwak*, 54 Ill. App. 3d at 724. In reply to this argument, the appellate court stated that the plaintiff failed to avail herself of the remedial provision of Rule 303, allowing for an extension of time to file a notice of appeal. *Kwak*, 54 Ill. App. 3d at 725.

In a more recent case, the plaintiff in *Trentman* filed nine requests for an extension of time that were proper and timely. *Trentman*, 333 Ill. App. 3d at 443-44. His tenth extension had to be obtained by January 4, but the request was not filed until January 5. *Trentman*, 333 Ill. App. 3d at 443-44. Relying on *Kwak*, the court noted that both the request and the trial court's order must occur before the deadline. *Trentman*, 333 Ill. App. 3d at 444. Thus, after January 4 passed with no order entered, the trial court lost jurisdiction to entertain any further motions for extension of time or the plaintiff's posttrial motion. *Trentman*, 333 Ill. App. 3d at 444.

Thus, when a trial court fails to allow an extension of time to file a posttrial motion within the initial 30-day period, there is no jurisdiction to later grant a plaintiff additional time or to consider a posttrial

motion attacking the final judgment. *Trentman*, 333 Ill. App. 3d at 443; *Kwak*, 54 Ill. App. 3d at 724. In this case, the trial court's May 1 order allowing for an extension of time was granted well beyond the 30-day period mandated by section 2—1202, which commenced after the March 19 judgment. Therefore, section 2—1202 precluded the trial court from later granting plaintiff's request.

One exception to this rule is found in *Spurgeon v. Alton Memorial Hospital*, 285 Ill. App. 3d 703 (1996). In *Spurgeon*, a plaintiff failed to obtain a time extension to file a posttrial motion until after the expiration of the 30-day period. *Spurgeon*, 285 Ill. App. 3d at 707. Nonetheless, the court did not follow the reasoning in *Kwak*, finding it factually distinguishable. *Spurgeon*, 285 Ill. App. 3d at 706. While the plaintiff in *Spurgeon* had failed to file a posttrial motion or obtain an extension of time within the 30-day period, the defendant had filed a posttrial motion. *Spurgeon*, 285 Ill. App. 3d at 707. Thus, the court determined that so long as any party's posttrial motion was still pending, the underlying judgment was not final and the trial court retained jurisdiction to grant the plaintiff an extension of time. *Spurgeon*, 285 Ill. App. 3d at 707.

Relying on *Spurgeon*, plaintiff contends that the trial court retained jurisdiction to grant the order because defendants' March 22 motions for costs and to strike *lis pendens* were still pending before the trial court when it granted the extension on May 1. We, however, find plaintiff's reliance on *Spurgeon* unpersuasive, as *Spurgeon* is readily distinguishable from the present instance by the fact that defendants' motion to recover costs and motion to strike *lis pendens* were not posttrial motions directed against the judgment.

■ A final judgment or order is a determination by the trial court on the issues presented by the pleadings that ascertains and fixes absolutely and finally the rights of the parties in the case. *Berger v. Matthews*, 216 Ill. App. 3d 942, 944 (1991). In other words, the judgment is final if it decides the litigation on the merits such that the only thing remaining is to proceed with the execution of the judgment. *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1027-28 (1999). Where a motion seeks to satisfy, rather than modify, a judgment, it is not a posttrial motion within the ambit of section 2—1202. *Star Charters v. Figueroa*, 192 Ill. 2d 47, 48 (2000).

Defendants' first motion sought to strike the *lis pendens* filing on Lucy's home in Naperville. Under the *lis pendens* filing, a potential purchaser of Lucy's home would be bound by the result of the litigation as if he or she had been a party from the outset. See *First Midwest v. Pogge*, 293 Ill. App. 3d 359, 363 (1997). By virtue of this motion, defendants sought to "satisfy" the judgment entered on March 19 by

striking the *lis pendens* filing that prevented them from selling Lucy's home. See *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 666 (2001). Therefore, it is incorrect to characterize defendants' motion to strike *lis pendens* as a posttrial motion directed against the judgment.

Defendants' second motion for costs incurred in defending the validity of Lucy's will and trust included costs related to the court appearance fee, a mediation fee, taking discovery and evidence depositions, and hiring expert witnesses. Generally, a "judgment or order is final even if there remains for determination issues regarding costs." 4 C.J.S. *Appeal & Error* § 85, at 156 (1993). In *Rettig v. Zander*, 364 Ill. 112 (1936), our supreme court echoed this same view where it held that a judgment is final and appealable even though it leaves for consideration incidental matters such as costs. *Rettig*, 364 Ill. at 116. In more modern applications of the rules surrounding appeals from final judgments, we must examine how Rules 301, 303, and 304 relate to the finality of the March 19 judgment when defendants' motion for costs was filed on March 22 before a notice of appeal was filed.

In *Berger*, the trial court on January 29 denied the plaintiff's motion for attorney fees under Supreme Court Rule 137 but awarded costs for depositions and subpoena witness fees. The trial court later amended its order, providing that the defendants "may file a petition for costs incurred in depositions and subpoena witness fees." *Berger*, 216 Ill. App. 3d at 943. The plaintiff did not file a notice of appeal until after the petition for costs was granted by the trial court on August 20. *Berger*, 216 Ill. App. 3d at 943.

In our decision, we noted that courts have made a distinction between a claim for fees brought as part of the principal action and a claim made after the principal action has been decided. *Berger*, 216 Ill. App. 3d at 944. We determined that, because, under Rule 137, a proceeding for attorney fees is within and a part of the underlying civil action, the issue must be resolved before the action becomes appealable. *Berger*, 216 Ill. App. 3d at 944. In contrast, the motion for deposition costs and subpoena witness fees was collateral to the judgment and did not have to be resolved before the 30-day period under Rule 303(a)(1) began to run. *Berger*, 216 Ill. App. 3d at 944. Thus, we held that the plaintiff was required to file his notice of appeal within 30 days of the final and appealable January 29 order "in spite of the fact that it appeared to leave pending the amount of subpoena and deposition fees to be awarded." *Berger*, 216 Ill. App. 3d at 944. Accordingly, since the plaintiff did not file his notice of appeal until September 10, we lacked jurisdiction over all matters that were resolved on or before January 29. *Berger*, 216 Ill. App. 3d at 944. *Berger*'s conclusion that a motion for costs is collateral and does not affect the finality of a

judgment has been reached in other cases as well. See, *e.g., Household International, Inc. v. Liberty Mutual Insurance Co.*, 321 Ill. App. 3d 859, 877-78 (2001) (agreeing to consider appeal from summary judgment order even though appellate court did not have jurisdiction to consider an award of costs under section 5—110 of the Code of Civil Procedure (735 ILCS 5/5—110 (West 2002))); *In re Application of Lake County Collector*, 279 Ill. App. 3d 133, 137 (1996); *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1073 (1987) (finding that a motion for statutory costs is not a motion directed against the judgment).

Likewise, here, defendants' motion to recover costs relating to such things as taking discovery and evidence depositions and hiring expert witnesses was a claim made after the principal action had been decided. Moreover, the motion for costs was collateral to the judgment. It neither changed the fact that the order fell within the purview of a final order under Rule 301 (155 Ill. 2d R. 301) nor did it toll the running of the time within which a notice of appeal must be filed under Rule 303(a)(1).

We also must examine whether defendants' motion for costs was a claim that required a Rule 304(a) finding before it became a final and appealable order. Under Rule 304, "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a). In the present case, the trial court did not make a Rule 304(a) finding until June 28, 2002, when it denied plaintiff's posttrial motion challenging the jury verdict. We note the commentary under Rule 304(a) states that "it is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable." 155 Ill. 2d R. 304(a), Committee Comments. Thus, our analysis focuses on whether the present judgment falls within the scope of Rule 304(a).

In *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990), the supreme court defined a claim as "any right, liability or matter raised in an action." The court held that, when a motion for attorney fees is brought under Supreme Court Rule 137 (formerly section 2—611 of the Code of Civil Procedure), an additional claim is added to the litigation. *Marsh*, 138 Ill. 2d at 468. It thus transforms into a multiple-claim action and, consequently, requires a Rule 304(a) finding to appeal if the Rule 137 action is unresolved. *Marsh*, 138 Ill. 2d at 468. However, the court recognized that under *Hise v. Hull*, 116 Ill. App. 3d 681 (1983), when a Rule 137 motion was

brought after disposition of the main claim, rather than as part of the responsive pleading, the pendency of the Rule 137 claim could not have prevented the order disposing of the main claim from being final and appealable without a Rule 304(a) finding. *Marsh*, 138 Ill. 2d at 466. Nonetheless, this particular rule granting attorney fees had been recently amended to include the claim as part of the underlying civil action. *Marsh*, 138 Ill. 2d at 467. Thus, under the rule, a claim for attorney fees could no longer be distinguished from the principal claim. *Marsh*, 138 Ill. 2d at 467.

In a subsequent case interpreting *Marsh*, the Appellate Court, First District, applied the *Hull* distinction between claims brought as part of a principal action and claims filed after judgment. *Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751, 759 (1991). There, a judgment was entered on December 16, 1988. *Servio*, 211 Ill. App. 3d at 754. On January 6, 1989, plaintiff filed a notice of appeal. *Servio*, 211 Ill. App. 3d at 754. However, on January 13, the defendants filed three motions: (1) a motion attacking the judgment, (2) a motion for attorney fees under Rule 137, and (3) a motion for attorney fees under section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 270(c)). *Servio*, 211 Ill. App. 3d at 754. On May 30, the court granted the motion attacking the judgment, denied the Rule 137 claim, and granted the section 10a(c) claim. *Servio*, 211 Ill. App. 3d at 754-55. The court then continued the section 10a(c) claim until June 14, when an award for attorney fees was entered for $450.50. *Servio*, 211 Ill. App. 3d at 754-55. On July 12, plaintiff filed a second notice of appeal. *Servio*, 211 Ill. App. 3d at 755.

The court dismissed the plaintiff's appeal for lack of jurisdiction. *Servio*, 211 Ill. App. 3d at 761. It held that, after the defendants' motion attacking the judgment and Rule 137 claim was filed, the plaintiff's first notice of appeal became premature. *Servio*, 211 Ill. App. 3d at 760. However, the court went on to hold that the plaintiff's second notice of appeal on July 12 was too late. *Servio*, 211 Ill. App. 3d at 761. It concluded that the trial court's grant of the motion attacking the judgment and the denial of the Rule 137 claim made the judgment final on May 30. *Servio*, 211 Ill. App. 3d at 760-61. The court then noted that "[o]ur courts have recognized a distinction between a claim for fees which is brought as part of a principal action and a claim made after the principal action has been decided." *Servio*, 211 Ill. App. 3d at 759. Relying on this reasoning, the court characterized the section 10a(c) claim for attorney fees as a separate and collateral claim to the underlying action and concluded that the order disposing of the posttrial motions on May 30 was appealable without a Rule 304(a) finding. *Servio*, 211 Ill. App. 3d at 760-61.

The reasoning applied in *Servio* is the same analysis as we applied in the *Berger* case on the issue of costs. We have applied this same reasoning at other times as well. For example, in *Mitchell v. Atwood Enterprises, Inc.*, 253 Ill. App. 3d 475, 477 (1993), a final judgment was reached on December 21, 1992. On January 15, 1993, the defendant moved to supplement the record and to determine costs. *Mitchell*, 253 Ill. App. 3d at 477. Then, on January 21, the defendant filed a notice of appeal from a January 4 judgment while the motion for costs was still pending. *Mitchell*, 253 Ill. App. 3d at 477. The trial court determined the costs issue on February 1. *Mitchell*, 253 Ill. App. 3d at 477.

On appeal, the plaintiff argued that we did not have jurisdiction because the trial court made no Rule 304(a) finding that would have permitted the defendant to file a notice of appeal while the costs issue was still pending before the trial court. *Mitchell*, 253 Ill. App. 3d at 478. In response, we held that the defendant's "motion for costs, because it raised a matter that was supplemental to the issues recognized in the notice of appeal [citation], did not extend the proper time for appeal of the court's January 4 final judgment order." *Mitchell*, 253 Ill. App. 3d at 478. Thus, the defendant's notice of appeal vested us with jurisdiction over the January 4 final judgment order and no Rule 304(a) finding was required to make the matter appealable. *Mitchell*, 253 Ill. App. 3d at 478.

Accordingly, similar to our conclusion above, because defendants' motion for costs came after a final judgment on the principal action and was collateral in nature, the March 19 judgment in favor of defendants did not require a Rule 304(a) finding to become a final and appealable order.

■ In sum, we conclude that neither of defendants' motions were posttrial motions directed against the judgment for purposes of Rule 303(a)(1). In contrast to *Spurgeon*, the March 19 final judgment became immediately appealable under Rule 303(a)(1). Plaintiff, however, failed to satisfy the requirements of Rule 303(a)(1) by either filing a notice of appeal or a timely posttrial motion directed against the judgment within 30 days of the entry of the March 19 final judgment. Accordingly, plaintiff's July 23 notice of appeal was untimely and we are without jurisdiction to entertain plaintiff's appeal.

Appeal dismissed.

GROMETER and CALLUM, JJ., concur.