NOTICE

Decision filed 01/22/21 The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200119-U

NO. 5-20-0119

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| SHIRLEY SCHULTZ, Individually and as Trustee of the Leroy Schultz Revocable Trust, and LARRY SCHULTZ, | ) ) ) ) | Appeal from the Circuit Court of Washington County. |
| Plaintiffs-Appellants, | ) | |
| v. | ) | No. 19-L-11 |
| | ) | |
| BEAUCOUP TOWNSHIP ROAD DISTRICT, WASHINGTON COUNTY, ILLINOIS, | ) ) ) | Honorable Julia R. Gomric, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court lacks jurisdiction over an appeal from an order dismissing the plaintiffs' complaint where the dismissal order did not resolve the defendant's request for attorney fees made in the motion to dismiss.

¶ 2   The plaintiffs, Shirley Schultz, individually and as trustee of the Leroy Schultz Revocable Trust, and Larry Schultz, brought an action against the defendant, Beaucoup Township Road District, alleging breach of a settlement agreement and trespass. The circuit court granted the defendant's motion to dismiss the plaintiffs' complaint on

1

*res judicata* grounds, and the plaintiffs now appeal. For the following reasons, we dismiss the plaintiffs' appeal for lack of appellate jurisdiction.

¶ 3                               BACKGROUND

¶ 4    Coplaintiff Shirley Schultz, individually and as trustee of the Leroy Schultz Revocable Trust, owns real estate (Schultz property) in Washington County, Illinois. The Schultz property is bounded on two sides (north and west) by a township road that is commonly known as Arizona Road. The defendant is tasked with the upkeep of Arizona Road and has an easement along the north and west property lines of the Schultz property for purposes of maintaining the road. Arizona Road curves at the northwest corner of the Schultz property. Initially, the road turned at a 90-degree angle at the north-west corner of the Schultz property. Over time, however, the 90-degree turn became a curve that encroached on the Schultz property.

¶ 5    On December 2, 2013, Shirley Schultz filed the first of two lawsuits against the defendant stemming from the movement of the curve on Arizona Road. The first complaint (13-MR-11) was a two-count complaint against the defendant alleging ejectment and trespass. On January 16, 2017, the plaintiffs[1] and the defendant entered into a mutual release and settlement agreement (settlement agreement) to resolve this dispute.

¶ 6    The settlement agreement required the defendant to shift the location of a curve on Arizona Road as reflected on a sketch attached to the settlement agreement. The settlement

_____

[1]Only Shirley Schultz, individually and as the trustee of the Leroy Schultz Revocable Trust, filed the initial complaint against the defendant. However, coplaintiff in the present case, Larry Schultz, also signed the settlement agreement as one of the property's "landowners."

2

agreement also required the defendant to purchase and deliver three concrete stone right-of-way markers to Shirley and pay for half of the survey costs incurred to establish the appropriate location for the curve. The settlement agreement required Shirley to dismiss her lawsuit with prejudice.

¶ 7    By March 2018, the defendant believed that it had completed all its obligations under the settlement agreement. Shirley, however, refused to dismiss her lawsuit. Therefore, on March 19, 2018, in the original lawsuit (13-MR-11), the defendant filed a motion to enforce the settlement agreement asking the court to dismiss Shirley's lawsuit with prejudice and to order Shirley to pay its attorney fees and costs incurred in bringing the motion. In her response to the defendant's motion, Shirley disputed the defendant's claim that it had complied with the terms of the settlement agreement. She maintained that the defendant had not undertaken and/or had not satisfactorily completed the tasks it was required to perform under the agreement.

¶ 8    On March 1, 2019, the circuit court conducted a hearing on the defendant's motion, considered arguments presented by the parties, and entered an order granting the defendant's motion to enforce the settlement agreement. The circuit court reserved the issue of Shirley's obligation to pay the defendant's attorney fees. On May 24, 2019, after further arguments from the parties, the circuit court entered an order granting the defendant's request for the assessment of fees and costs. Shirley appealed the circuit court's order, and we dismissed this appeal on November 27, 2019, for want of prosecution.

¶ 9    On October 15, 2019, the plaintiffs filed a new two-count complaint (19-L-11) against the defendant alleging breach of the January 16, 2017, settlement agreement and

trespass. In this second complaint, the plaintiffs alleged that the defendant failed to shift the location of the curve as required by the settlement agreement and that the defendant constructed a ditch along Arizona Road that encroached on the Schultz property.

¶ 10    The defendant moved to dismiss the complaint pursuant to section 2-619(a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(4) (West 2018)), arguing that the plaintiffs' complaint was barred under the doctrine of *res judicata*. The defendant asked the circuit court to dismiss the plaintiffs' complaint with prejudice and to award it its attorney fees and costs it incurred in defending the lawsuit.

¶ 11    The circuit court agreed with the defendant's *res judicata* argument and, on March 5, 2020, the circuit court entered an order dismissing the complaint in cause No. 19-L-11. The circuit court dismissed the plaintiffs' second complaint with prejudice. The circuit court also granted the defendant's request for attorney fees but reserved the issue of the amount to be determined at a later hearing to be noticed up by the defendant. The plaintiffs immediately appealed from the circuit court's March 5, 2020, dismissal order before the circuit court determined the amount of the defendant's attorney fee award.

¶ 12                                ANALYSIS

¶ 13    Before considering the merits of the plaintiffs' appeal, we must first address this court's appellate jurisdiction. None of the parties have raised any issues with respect to this court's jurisdiction. However, Illinois courts have an independent duty to consider subject matter jurisdiction. *Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶ 13.

¶ 14    In general, appellate courts have jurisdiction over only final orders. Ill. Const. 1970, art. VI, § 6; *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210

4

(1994). A final order is one that concludes the litigation between the parties on the merits and disposes of all pending issues and parties. *Smith v. Policemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 542, 546 (2009). In other words, the judgment is final if it decides the litigation on the merits such that the only thing remaining is to proceed with the execution of the judgment. *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1027-28 (1999).

¶ 15    In the present case, the defendant's motion to dismiss the plaintiffs' complaint included a request for an award of attorney fees and costs that it incurred in defending the plaintiffs' claims.[2] The circuit court's March 5, 2020, order, from which the plaintiffs appeal, dismissed the plaintiffs' complaint with prejudice but left the defendant's claim for attorney fees pending and unresolved with respect to the amount of the award. Accordingly, the March 5, 2020, order did not conclude the litigation and dispose of all the pending issues between the parties.

¶ 16    In determining whether an order that does not resolve a claim for attorney fees constitutes a final, appealable order, "courts have made a distinction between a claim for fees brought as part of the principal action and a claim made after the principal action has been decided." *In re Estate of Kunsch*, 342 Ill. App. 3d 552, 556 (2003) (citing *Berger v. Matthews*, 216 Ill. App. 3d 942, 944 (1991)). Where "a proceeding for attorney fees is within and a part of the underlying civil action, the issue must be resolved before the action

---

[2]Article XVI of the settlement agreement provided that "in the event of a dispute regarding compliance with the terms of [the settlement agreement], the non prevailing [p]arty shall reimburse the prevailing party for all reasonable attorney fees and costs resulting therefrom."

becomes appealable." *Kunsch*, 342 Ill. App. 3d at 556 (citing *Berger*, 216 Ill. App. 3d at 944). This is true whether the fees are sought pursuant to statute, such as the entry of sanctions, or pursuant to a contract provision (which is the basis for the attorney fee award in the present case). *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 983 (1994).

¶ 17    As an example, in *Bale v. Barnhart*, 343 Ill. App. 3d 708, 711-12 (2003), the court held that an order granting the defendant's motion to dismiss pursuant to section 2-619 of the Code was not a final order because it "left unresolved the issue of attorney fees—an issue raised in the [motion to dismiss]." Likewise, in the present case, the circuit court's dismissal order left the defendant's request for attorney fees pending and unresolved. Therefore, the March 5, 2020, dismissal order is not a final and appealable order. See also *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 23 ("The trial court in this case granted defendant's motion to dismiss plaintiff's complaint pursuant to section 2-619. In defendant's motion to dismiss, he requested attorney fees. The trial court did not rule upon defendant's request at the time it granted defendant's motion to dismiss. The court's [dismissal] order was thus not final ***.").

¶ 18    Under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), if a circuit court's order disposes of fewer than all the claims in an action, the circuit court must make an express written finding that there is no just reason for delaying enforcement or appeal before the circuit court's decision is appealable. Without the Rule 304(a) finding, a final order disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved. See *Marsh v. Evangelical*

6

*Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990) ("[A] 'claim' is any right, liability or matter raised in an action. If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal. Otherwise, the order is not appealable.").

¶ 19   Here, because the circuit court's March 5, 2020, order did not resolve the defendant's claim for attorney fees and did not include any findings required by Rule 304(a), we do not have jurisdiction over this appeal pursuant to Rule 304(a) or 304(b). See *F.H. Prince & Co.*, 266 Ill. App. 3d at 983 ("A request for attorney fees is a claim within the meaning of Supreme Court Rule 304(a)" which governs the finality of judgments). Although the circuit court's March 5, 2020, order indicated that the circuit court would award attorney fees and left only the amount to be resolved, a final determination of the amount of fees is necessary before the dismissal order is final. Without a determination of the amount of attorney fees, the March 5, 2020, order did not constitute a final judgment as to all claims in the case. See *Home State Bank/National Ass'n v. Potokar*, 249 Ill. App. 3d 127, 136-37 (1993) ("Indeed we believe that because the trial court awarded attorney fees and costs in its order of April 15, 1991, but failed to specify their amount, the order did not constitute a final judgment as to all claims in the case ***."); *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 395 Ill. App. 3d 501, 505 (2009) ("[T]he finding that plaintiff is entitled to a not-yet-determined amount of attorney fees and costs is a nonfinal order similar to a finding of liability without a determination of damages."). For these reasons, the plaintiffs' appeal in the present case is hereby dismissed for lack of appellate jurisdiction.

7

¶ 20                              CONCLUSION

¶ 21    For the foregoing reasons, we dismiss the plaintiffs' appeal from the circuit court's

March 5, 2020, order and remand for further proceedings.


¶ 22    Dismissed and remanded.