JANET SPURGEON, Plaintiff-Appellee, v. ALTON MEMORIAL HOSPITAL *et al.*, Defendants-Appellants.

Fifth District    No. 5—95—0594

Opinion filed December 30, 1996.

Ronald E. Fox and Stephen P. Niemira, both of Sandberg, Phoenix and von Gontard, P.C., of St. Louis, Missouri, for appellants.

Hoefert & Perica, P.C., of Alton, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:
Defendants, Alton Memorial Hospital (hereinafter the hospital) and Alton Memorial Health Systems, Inc. (hereinafter Health Systems), appeal from an order of the circuit court of Madison County granting plaintiff, Janet Spurgeon, a new trial. On appeal, defendants raise four issues, specifically: (1) whether the trial court exceeded its jurisdiction in granting plaintiff a new trial; (2) whether the trial court erred in granting plaintiff's motion for a new trial based upon the record and the evidence adduced at trial; (3) whether the trial court erred in allowing plaintiff to add the hospital as a defendant; and (4) whether the trial court erred by not entering a judgment in favor of defendants for costs but, rather, ordering each party to pay its own costs. We affirm.

## FACTS

Plaintiff originally filed her complaint on September 8, 1989, against Health Systems for injuries she sustained in a slip and fall on a parking lot at Health Systems' place of business. Health Systems filed a timely answer denying plaintiff's allegations of negligence and damages and later filed an amended answer in which it asserted the

affirmative defense of contributory fault. Discovery ensued. In answers to plaintiff's interrogatories, Health Systems identified the owner of the premises in issue as Alton Memorial Hospital, Inc. Health Systems freely admits that its answer was incorrect to the extent that "Inc." should not have been included, as the hospital is not incorporated. In any event, Health Systems continued to produce hospital records and hospital employees for depositions as requested by plaintiff.

On December 2, 1991, the cause came for trial. On that date, plaintiff learned that Health Systems did not, in fact, own the premises where the alleged injury occurred, but that the hospital owned the premises. On that date, plaintiff added the hospital as a defendant, and the cause was continued to May 1992. On January 30, 1992, the hospital filed a motion to dismiss on the basis that plaintiff failed to name it as a defendant within the applicable statutory limitations period. The hospital's motion to dismiss was denied.

The cause was tried in April 1994. The jury returned a verdict in favor of both defendants, and the trial court entered judgment on the verdict on April 21, 1994. On May 5, 1994, plaintiff filed a motion for extension of time to file a posttrial motion. On May 19, 1994, defendants moved for an extension of time to file their response to plaintiff's posttrial motion and motion for sanctions should the trial court grant plaintiff the additional time she requested. Also on May 19, 1994, defendants filed a motion for reconsideration regarding the trial court's award of costs. The motion for extension of time was not ruled on in writing by the trial court until May 31, 1994, at which time the trial court granted the motion.

On June 30, 1994, plaintiff filed a motion for judgment notwithstanding the verdict or for a new trial and for sanctions. On July 28, 1994, defendants filed a motion to strike plaintiff's posttrial motions on the basis that they were not timely. Defendants also filed an alternative memorandum in opposition to plaintiff's motion for judgment notwithstanding the verdict or for a new trial. On December 7, 1994, the trial court denied defendants' motion to strike and reset plaintiff's posttrial motion. Thereafter, on June 30, 1995, the trial court heard oral arguments on said motion. On July 14, 1995, the trial court entered an order granting plaintiff's motion for a new trial, denying plaintiff's motion for judgment notwithstanding the verdict, and denying all parties' motions for sanctions and costs. Defendants now appeal.

## ISSUES

### I

The first issue we are asked to address is whether the trial court

exceeded its jurisdiction in granting plaintiff a new trial. Defendants assert that the trial court erred in considering and then granting plaintiff's motion for a new trial because the trial court was without jurisdiction, as plaintiff failed to file a motion for a new trial within 30 days after the entry of such judgment and because no extension of time was granted within 30 days following the entry of judgment. Plaintiff responds that the trial court had jurisdiction at the time it granted plaintiff's motion for extension of time to file her posttrial motion because defendants filed a timely posttrial motion for reconsideration on the issue of costs, which stayed enforcement of the judgment, thereby leaving jurisdiction with the trial court until 30 days after being ruled upon. The motion for reconsideration of costs was ruled upon on July 14, 1995, well within the time in which plaintiff was granted an extension. We agree with plaintiff.

■ Section 2—1202(c) of the Code of Civil Procedure (the Code) provides, in pertinent part:

"(c) Post-trial motions must be filed within 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2—1202(c) (West 1994).

In *Kwak v. St. Anthony De Padua Hospital*, 54 Ill. App. 3d 719, 369 N.E.2d 1346 (1977), our colleagues on the First District Appellate Court, relying on the above language, held that a posttrial motion was not timely filed even though a motion for extension of time was timely filed in the case, because the motion for extension of time was not granted until after 30 days from the entry of final judgment. *Kwak* was a medical malpractice case in which the trial court entered summary judgment in favor of the defendant hospital on January 26, 1976, and thereafter directed a verdict in favor of a second defendant, a doctor, on January 29, 1976. *Kwak*, 54 Ill. App. 3d at 723, 369 N.E.2d at 1349. Both judgments became final on those days. The *Kwak* court specifically stated:

"As the judgments of January 26 and 29 were at all times final, the jurisdiction of the trial court could be extended beyond February 25 and 28 only if prior to these dates a post-trial motion had been filed or the trial court had allowed an extension of time within which to file such motion. Plaintiff having accomplished neither prior to February 25 or 28, the trial court was without jurisdiction to entertain her motion on March 10." *Kwak*, 54 Ill. App. 3d at 724, 369 N.E.2d at 1350.

In our estimation, we need not go so far as to either agree or disagree with our colleagues in the first district because the instant case is distinguishable from *Kwak*.

■ Here, defendants filed their own posttrial motion for reconsideration on the issue of costs. Verdict was entered on April 21, 1994. Plaintiff filed a motion for extension of time to file a posttrial motion on May 5, 1994. On May 19, 1994, defendants filed a motion for reconsideration regarding the trial court's award of costs. The trial court, in a written order, granted plaintiff's motion for extension of time on May 31, 1994, but did not rule upon the motion for costs until July 14, 1995.

We agree that it is generally true that an appellant is limited to filing either a posttrial motion or a notice of appeal within 30 days of the entry of judgment. *In re Marriage of Uphoff*, 99 Ill. 2d 90, 94, 457 N.E.2d 426, 428 (1983). Notwithstanding this general rule, as long as any party's posttrial motion remains undisposed, the underlying judgment is not final, notice of appeal is premature, and complete jurisdiction remains with the circuit court. *Uphoff*, 99 Ill. 2d at 95, 457 N.E.2d at 428, citing *City of De Kalb v. Anderson*, 22 Ill. App. 3d 40, 43-44, 316 N.E.2d 653, 656 (1974). Therefore, under the circumstances presented here, where defendants filed a motion to reconsider the issue of costs, we find that the facts are distinguishable from *Kwak* and that the trial court retained jurisdiction to grant plaintiff an extension of time to file her posttrial motion and to ultimately grant plaintiff a new trial.

Defendant cites *Putz v. Schulte*, 104 Ill. App. 3d 128, 432 N.E.2d 1070 (1982), in which we determined that the statute providing time limits for posttrial motions in nonjury cases (Ill. Rev. Stat. 1979, ch. 110, par. 68.3(1) (now 735 ILCS 5/2—1203(a) (West 1994))) requires that a party seeking post judgment relief must file a posttrial motion within 30 days after entry of the judgment, and time for the filing the posttrial motion is not extended by the timely filing of a posttrial motion by another party. We specifically rejected any "stacking" of time by stating, in pertinent part:

"The effect of permitting the late filing of defendants' post-trial motion would be a stacking of 30-day periods for permissible filing. Such measures would lead to a host of problems and wreak havoc with post-trial procedure and the appellate process." *Putz*, 104 Ill. App. 3d at 132, 432 N.E.2d at 1073.

While we still agree with our decision in *Putz*, the instant case offers a new twist. In *Putz*, the defendants filed their posttrial motion 43 days following entry of judgment (*Putz*, 104 Ill. App. 3d at 129, 432 N.E.2d at 1071), whereas in the instant case, plaintiff filed a motion for extension of time 14 days following entry of judgment, and, through no fault of her own, such motion was not ruled upon until after the expiration of 30 days from the entry of judgment. Plaintiff

even contends that the trial court orally granted an extension of time, and defendants did not deny this allegation. It is clear that plaintiff made every effort to comply with section 2—1202(c) of the Code. Furthermore, the trial court retained jurisdiction at the time it granted plaintiff an extension by virtue of the fact that judgment was not final since the issue of costs was still open.

## II

The second issue we are asked to consider is whether the trial court erred in granting a new trial based upon the record and evidence adduced at trial. Defendants contend that granting plaintiff's motion for a new trial was an abuse of discretion and contrary to the law and the facts as established by the record. We disagree.

Here, the trial court granted plaintiff a new trial after concluding it erred (1) by not allowing the testimony of plaintiff's investigator, Darrell Cooper, (2) by allowing defense counsel during his closing statement to misstate Illinois law as it applies to the case at bar, and (3) because the testimony of Ron McMullen, a registered agent for both defendants, was highly questionable, and plaintiff might be able to obtain further evidence from McMullen in support of her claim if a new trial were granted. Additionally, the trial court noted that substantial evidence was presented that could lead a jury to render a verdict for plaintiff and that the exclusion of the testimony of Darrell Cooper, who would have testified that defendants were aware prior to plaintiff's fall that the area in which plaintiff fell was a problem area in terms of forming ice, substantially prejudiced plaintiff.

■ It is well settled that the allowance of a motion for a new trial is within the trial court's discretion, and its decision to grant a new trial will not be disturbed absent a clear abuse of that discretion. *Klatt v. Commonwealth Edison Co.*, 33 Ill. 2d 481, 211 N.E.2d 720 (1965); *Lewis v. Cotton Belt Route—St. Louis Southwestern Ry. Co.*, 217 Ill. App. 3d 94, 119, 576 N.E.2d 918, 937 (1991); *Ervin v. Sears, Roebuck & Co.*, 65 Ill. 2d 140, 357 N.E.2d 500 (1976). Here, after reviewing the record and the trial court's order granting plaintiff a new trial, we cannot say that the trial court abused its discretion.

■ First, as to the exclusion of Darrell Cooper's testimony, the record supports the trial court's determination that Cooper's testimony might lead a jury to conclude that defendants were aware that the area in which plaintiff fell was a problem in terms of formation of ice. Accordingly, plaintiff was prejudiced by the exclusion of Cooper's testimony.

Second, a review of defense counsel's closing argument shows defense counsel misstated the law during closing argument. Defense

counsel stated, *inter alia*, "unnatural, artificial, the point is if in making their efforts to clear off snow they left some snow behind and she fell on that, there's no liability to the hospital." After an objection by plaintiff's counsel, which was overruled, defense counsel went on to state, "if in plowing the lot we left some snow or ice behind, there's no liability as to the hospital." While it is true that attorneys are allowed broad latitude in drawing reasonable inferences and conclusions from the evidence during closing argument (*Tonarelli v. Gibbons*, 121 Ill. App. 3d 1042, 1049, 460 N.E.2d 464, 469 (1984)), we, nevertheless, agree with the trial court that the above statements are a misstatement of the law in Illinois and severely prejudiced plaintiff. Defendants freely admitted that they removed snow and ice from the parking lot in issue. In doing so, they had a duty to correctly remove the snow. *DeMario v. Sears, Roebuck & Co.*, 6 Ill. App. 3d 46, 284 N.E.2d 330 (1972). Defense counsel's generalized statement that it is perfectly acceptable to leave behind snow or ice after a removal attempt is made is an incorrect statement of the law, as the issue involved in this case was whether the ice where plaintiff fell should or could have been removed or was created by defendants' negligent removal.

Defendants cite to *Stiles v. Panorama Lanes, Inc.*, 107 Ill. App. 3d 896, 438 N.E.2d 241 (1982), in support of their contention that the aforementioned statements were correct and not prejudicial. However, *Stiles* is distinguishable from the case at bar. In *Stiles*, this court found that defendant did not create any unnatural accumulation of snow and ice by allowing motor vehicles to come on the parking lot, and the resulting icy ruts caused by automobile tires were found to be a natural ice formation. *Stiles*, 107 Ill. App. 3d at 900, 438 N.E.2d at 243-44. Tire ruts, however, are no part of the factual scenario of the instant action. The question here remains whether the snow was improperly removed, causing the formation of ice on which plaintiff fell.

Finally, on this issue, defendants complain that the credibility or believability of their employee, Ronald McMullen, was a determination to be made by the jury and not a basis for granting plaintiff a new trial. However, our review of the trial court's order indicates that plaintiff was not granted a new trial on this basis. The trial court noted that one of the benefits in granting plaintiff a new trial on other issues would be for plaintiff to have another chance to obtain additional information from McMullen, information which was previously and somewhat questionably not disclosed.

The trial court stated:

"C. The Court finds the testimony of Ron McMullen, registered

agent for both Defendants, highly questionable. It is difficult for the Court to understand how a registered agent for a corporation would not know who the president of the corporation is when he himself was the prior president and director coupled with the fact that his office is located on the premises of the corporations for which he claims no such knowledge. However, Plaintiff fails to show how this testimony prejudices [her] except to say [she] may not have received some information that [she] would have obtained but for Ron McMullen's testimony. Plaintiff may yet obtain further evidence in support of her claim through discovery if a new trial is granted."

Defendants are correct that the credibility of witnesses is a determination to be made by the trier of fact, the jury herein. *Rodgers v. Withers*, 229 Ill. App. 3d 246, 249, 593 N.E.2d 669, 672 (1992). Nevertheless, we do not believe that the above language requires us to reverse the trial court's determination to grant plaintiff a new trial because we are certain that the trial court granted plaintiff a new trial on grounds other than McMullen's testimony.

### III

The third issue, raised specifically by the hospital, is whether the trial court erred in allowing plaintiff to add the hospital as a defendant. The hospital contends that the trial court erred in allowing plaintiff to file an amended petition naming it as a defendant and in denying its motion to dismiss, first, because plaintiff's claim against the hospital was barred by the two-year statute of limitations, and second, because no exception to the statute of limitations defense existed because plaintiff had actual notice of the hospital's ownership of the parking lot. The hospital contends that because of Health Systems' answer to plaintiff's complaint, along with several of Health Systems' answers to plaintiff's interrogatories, plaintiff was advised $1^{1}/_{2}$ years prior to the expiration of the statute of limitations that the hospital, or at least some party other than Health Systems, owned and maintained the lot and, therefore, the trial court's decision to grant plaintiff's oral motion to add the hospital as a defendant was a clear abuse of discretion. Plaintiff replies that the trial court was acting within reasonable bounds of discretion in allowing her to amend her complaint to add the hospital because Health Systems improperly stated the name of the corporation in answers to interrogatories. In addition, plaintiff asserts that Health Systems, in a number of pleadings and letters, identified itself as Alton Memorial Hospital, produced all employees of the hospital, and provided plaintiff's records from the hospital. Plaintiff insists that, based upon these facts, its failure to join the hospital was inadvertent and the trial court

acted properly in allowing plaintiff to add the hospital as a party. We agree with plaintiff.

■ The parties agree that section 2—616(d) of the Code governs this issue:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***." 735 ILCS 5/2—616(d) (West 1994).

The decision to allow amendments to pleadings to allow a new defendant rests within the sound discretion of the trial court. *Newey v. Newey*, 215 Ill. App. 3d 993, 1005, 576 N.E.2d 137, 145 (1991); *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 406, 546 N.E.2d 751, 759 (1989). Inadvertence, in the context of section 2—616(d)(2), means excusable ignorance, not excusable failure to act after the facts are discovered. *Zincoris v. Hobart Brothers Co.*, 243 Ill. App. 3d 609, 614, 611 N.E.2d 1327, 1331 (1993). Ignorance connotes a lack of knowledge of the identity or existence of a defendant. *Zincoris*, 243 Ill. App. 3d at 614, 611 N.E.2d at 1331.

■ In the instant case, we cannot say that the trial court's finding that plaintiff's failure to add the hospital was inadvertent was incorrect. First, Health Systems admits that in its answers to interrogatories it incorrectly identified the owner of the premises as Alton Memorial Hospital, *Inc.*, when the hospital was not incorporated. Attempts by plaintiff to obtain the name of the registered agent through the Secretary of State's office were futile, as there was no hospital by that name. Second, Health Systems' answers to not only the complaint, but also interrogatories, were written in such a way as to lead plaintiff to believe that Health Systems was the only proper defendant. For example, in interrogatory number 27 plaintiff asked Health Systems the following: "When was the date and time of the

last inspection by the defendant, its agents or employees, of the physical site where this accident occurred?" Health Systems answered that "[i]nspections were made on a regular basis at the roadways and sidewalks during inclement weather." In our estimation, this answer indicates that *Health Systems* routinely made such inspections. Third, the fact that Health Systems produced hospital documents and employees for depositions without objection was highly misleading to plaintiff. An objection by Health Systems to any such request would surely have alerted plaintiff that there was indeed another defendant.

Finally, we would be remiss not to point out that the hospital appears not to have been prejudiced by its late addition as a party. Prejudice and surprise are factors to be considered in determining whether or not a motion to amend pleadings should be allowed. *Shiner v. Friedman,* 161 Ill. App. 3d 73, 80, 513 N.E.2d 862, 865 (1987). The hospital used the same attorneys as Health Systems and even joined Health Systems in submitting a brief in this appeal. Under these circumstances, we cannot say that the trial court's determination to allow plaintiff to join the hospital as a defendant was an abuse of its discretion.

The final issue we are asked to consider is whether the trial court erred by not entering a judgment in favor of defendants for costs but rather ordering each party to pay its own costs. Because of our determination on the previous issues raised by defendants and the fact that a new trial must be conducted, we need not consider this issue.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KUEHN, P.J., and RARICK, J., concur.