(text box: 1) NO. 5-00-0475

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

GLENN TRENTMAN, )  Appeal from the

)  Circuit Court of 

     Plaintiff-Appellant and Cross-Appellee, )  St. Clair County.

) 

v. )  No. 96-L-609A

)

STEPHEN R. KAPPEL, M.D., and )

ASSOCIATED ORTHOPEDIC SURGEONS, )

LTD., )  Honorable 

)  Robert P. LeChien,

     Defendants-Appellees and Cross-Appellants. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

This case comes to us on Glenn Trentman's appeal from the trial court's July 26, 2000, order denying his posttrial motion.  Because we conclude that a motion to strike the appeal, taken with the case, is dispositive regarding this court's lack of jurisdiction, we cannot consider his appeal. 

Illinois has a set of rules and procedures in place by which all legal proceedings are bound.  These rules are not mere suggestions and not aspirational in nature.  See 
Bright v. Dicke
, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 278 (1995).  The rules are meant to be followed by all who seek justice in the court system.    

Glenn Trentman sued Stephen R. Kappel, M.D., and Associated Orthopedic Surgeons, Ltd., for medical malpractice.  The case was tried before a jury.  The jury returned a verdict in favor of the defendants on April 14, 1999.  Glenn Trentman's posttrial motion raising various evidentiary issues was not filed until June 28, 2000.  What happened between April 14, 1999, and June 28, 2000, can best be explained with the following chart:

Extension Number

 
     Motion Filed

 
   Date Granted

    New Deadline

             1

       05/07/99

        05/07/99

        06/10/99

             2

       06/04/99

        06/04/99

        07/25/99

             3 

       07/13/99

        07/13/99

        08/25/99

             4

       08/17/99

        08/23/99

        09/09/99

             5

     Oral Motion

        09/07/99

        09/29/99

             6

       09/28/99

        09/28/99

        10/14/99

             7

       10/14/99

        10/14/99

        11/04/99

             8

       11/03/99

        11/03/99

        12/04/99

             9

       12/02/99

        12/06/99

        01/04/00

             10 

       01/03/00

        01/05/00

        02/03/00

             11

       02/02/00

        02/07/00

        03/04/00

             12

       03/07/00

        03/07/00

        04/01/00

             13

       03/31/00

        06/28/00

        06/28/00

Glenn Trentman sought, and was granted, 13 extensions of time in which to file his posttrial motion.

A trial court loses its jurisdiction over a case after the passage of 30 days, unless within that 30-day period the trial court has extended the time in which a posttrial motion can be filed.  
Predny v. Village of Park Forest
, 164 Ill. App. 3d 688, 693-94, 518 N.E.2d 1243, 1247 (1987).  Section 2-1202(c) of the Code of Civil Procedure (735 ILCS 5/2-1202(c) (West 1998)) governs the time frame applicable to the filing of posttrial motions.  This rule states, "Post[]trial motions must be filed within 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof."  735 ILCS 5/2-1202(c) (West 1998).  Enforcement of the judgment is stayed if the posttrial motion is timely filed.  735 ILCS 5/2-1202(d) (West 1998).  

The language of this procedural statute is quite plain and seems to be free of ambiguity.  The simple reading of the statute is that if the trial court extends the time in which to file a posttrial motion beyond the initial 30-day period, that order of time extension must be entered within the 30-day period or within any period of extension already given.  In other words, after the 30-day period has expired, or the extended period of time has expired, without the entry of a new order setting a new deadline, the trial court loses jurisdiction over the case.

There has been only one case specifically interpreting what is meant by the phrase "within any further time the court may allow within the 30 days or any extensions thereof."  The Appellate Court, First District, analyzed this issue in 
Kwak v. St. Anthony De Padua Hospital
, 54 Ill. App. 3d 719, 369 N.E.2d 1346 (1977).  In that case there were two judgments at issue, dated January 26 and January 29.  
Kwak
, 54 Ill. App. 3d at 724, 369 N.E.2d at 1350.  The 30-day time frame for the filing of a posttrial motion ran through February 25 and February 28.  
Kwak
, 54 Ill. App. 3d at 724, 369 N.E.2d at 1350.  Because the plaintiff had not either filed posttrial motions prior to the February dates or filed for and received an extension of time from the court prior to the February dates, the appellate court concluded that the trial court did not have jurisdiction to entertain the plaintiff's posttrial motion filed thereafter.  
Kwak
, 54 Ill. App. 3d at 724, 369 N.E.2d at 1350.  The trial court lacked jurisdiction even though the motion to extend the time was filed within the initial 30-day period.  
Kwak
, 54 Ill. App. 3d at 724, 369 N.E.2d at 1349-50.

Similarly, in 
Portock v. Freeman
, 53 Ill. App. 3d 1027, 1030, 369 N.E.2d 201, 203 (1977), the Appellate Court, First District, concluded that it lacked jurisdiction to entertain the plaintiff's appeal because the plaintiff failed to file his posttrial motion within the time frame ordered by the court.  The judgment about which the plaintiff complained was entered on July 21.  
Portock
, 53 Ill. App. 3d at 1030, 369 N.E.2d at 203.  The trial court allowed the plaintiff to file his posttrial motion up through November 5.  
Portock
, 53 Ill. App. 3d at 1030, 369 N.E.2d at 203.  The plaintiff did not obtain another extension of time and filed his posttrial motion on November 12.  
Portock
, 53 Ill. App. 3d at 1030, 369 N.E.2d at 203.  The appellate court concluded that  the plaintiff failed to comply with the Illinois civil procedure rule requiring "that post[]trial motions be filed within any granted extension of time."  (Emphasis omitted.)  
Portock
, 53 Ill. App. 3d at 1030, 369 N.E.2d at 203.  On November 12, when the trial court denied the plaintiff's posttrial motion, the appellate court found that the trial court had already lost jurisdiction and could not entertain the motion on its merits.  
Portock
, 53 Ill. App. 3d at 1030, 369 N.E.2d at 203.

On one occasion, this court was called upon to discuss this jurisdictional requirement.  In 
Spurgeon v. Alton Memorial Hospital
, 285 Ill. App. 3d 703, 674 N.E.2d 517 (1996), we did not follow the reasoning of the 
Kwak v. St. Anthony De Padua Hospital 
decision.  We concluded that the case was factually distinguishable, finding no flaw with the conclusion reached by the First District in its analysis.  While Janet Spurgeon had not filed a posttrial motion or obtained an extension of time within the 30-day period, Alton Memorial Hospital had done so.  
Spurgeon
, 285 Ill. App. 3d at 706, 674 N.E.2d at 519.  We concluded that so long as any party's posttrial motion remained undisposed, the underlying judgment would not be final and the trial court retained jurisdiction over the case.  
Spurgeon
, 285 Ill. App. 3d at 707, 674 N.E.2d at 520.

We take this opportunity to reiterate that we follow the interpretation advanced by the First District in 
Kwak v. St. Anthony De Padua Hospital
.  It is quite possible that the reason this issue has not arisen since 1977 is that the language of section 2-1202(c) of the Code of Civil Procedure is evident and exact.  If a party cannot file his or her posttrial motion within the original 30-day period, that party must obtain the trial court's extension within that same 30-day period.  If a party does not obtain an extension and the 30 days are allowed to pass, then the trial court no longer has jurisdiction to allow an extension of time.  If a party obtains an extension of time and needs an additional extension or extensions of time in which to file a posttrial motion, the additional extension(s) of time must be secured prior to expiration of the previously extended deadline.  

In this case, the defendants did not file a posttrial motion, and so there was nothing pending before the trial court to stay the enforcement of the judgment.  The first eight requests for an extension of time filed by Glenn Trentman were proper and timely.  On his ninth request, which was due by December 4, 1999, Glenn Trentman actually did not need to obtain the extension until December 6, 1999, because in 1999, December 4 fell on a Saturday.  See 5 ILCS 70/1.11 (West 1998).  It is with his tenth request that he missed the deadline.  After the ninth extension, Glenn Trentman had until January 4, 2000, to obtain another extension or file his posttrial motion.  He did not do so until January 5, 2000.  The request for the extension was filed before the deadline (on January 3, 2000), but as in 
Kwak v. St. Anthony De Padua Hospital
, both the request and the order must occur before the deadline.  After January 4, 2000, passed with no order entered, the circuit court lost jurisdiction.  All orders entered by the trial court subsequent to January 4, 2000, exceeded the circuit court's jurisdiction.  Glenn Trentman's posttrial motion filed on June 28, 2000, was a nullity.

Glenn Trentman's attorney argues that the entire matter was stayed once he filed his tenth request for an extension of time.  He also argues that the rule is not hard and fast and that we should equate the timely filed motion for extension (with the untimely entered order of extension) to situations allowing late-filed documents on the basis of the mailing rule.  See 145 Ill. 2d R. 12.  These arguments lack logic in the context of a posttrial motion in which the 30-day time frame is jurisdictional.  If the time frame of an extension passes, the trial court loses its jurisdiction.  After the fact, the trial court is not able to grant any further extensions.

Because the trial court did not have jurisdiction after January 4, 2000, to entertain motions for extension of time or Glenn Trentman's posttrial motion, we are deprived of jurisdiction to hear Glenn Trentman's appeal.

Appeal dismissed.

MAAG, P.J., and HOPKINS, J., concur.

                                      NO. 5-00-0475

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

GLENN TRENTMAN, )  Appeal from the

)  Circuit Court of 

     Plaintiff-Appellant and Cross-Appellee, )  St. Clair County.

) 

v. )  No. 96-L-609A

)

STEPHEN R. KAPPEL, M.D., and )

ASSOCIATED ORTHOPEDIC SURGEONS, )

LTD., )  Honorable 

)  Robert P. LeChien,

     Defendants-Appellees and Cross-Appellants. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: August 27, 2002

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Gordon E. Maag, P.J., and

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________________

Attorney
 Thomas Ducey, Ducey & Associates, P.C., #20 Bronze Pointe, Belleville, IL 

for
 62226

Appellant
 

___________________________________________________________________________________

Attorneys
 Ted W. Dennis, W. Jeffrey Muskopf, Freeark, Harvey, Mendillo, Dennis, Wuller,

for
 Cain & Murphy, P.C., 115 West Washington Street, Belleville, IL 62220

Appellees
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/27/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.