No. 2--05--0161 filed:

9/14/06

_____
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____
_____

| | | |
|---|---|---|
| JODY ANN LOWENTHAL, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 02--L--437 |
| | ) | |
| JAMES T. McDONALD, | ) | Honorable |
| | ) | John T. Elsner, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____
____

JUSTICE BOWMAN delivered the opinion of the court:

At issue in this case is whether the parties' agreement to extend the time for filing a posttrial motion validates an untimely motion requesting such an extension. We conclude that this type of agreement, on its own, does not allow the trial court to retain jurisdiction over the case. Correspondingly, plaintiff failed to timely file a notice of appeal, and we therefore dismiss this appeal for lack of jurisdiction.

I. BACKGROUND

On April 23, 2002, plaintiff, Jody Ann Lowenthal, brought a negligence action against defendant, James T. McDonald, to recover for personal injuries she allegedly sustained in a car accident. Plaintiff filed an amended complaint on August 1, 2002, and the case was

tried before a jury beginning on August 2, 2004. On August 5, 2004, the jury returned a verdict in defendant's favor, and a judgment was entered on the verdict that day.

On August 31, 2004, plaintiff submitted a motion to extend the time to file a posttrial motion. The trial court granted plaintiff's motion on September 3, 2004, and she was given until October 4, 2004, to file the posttrial motion. On October 1, 2004, the parties' counsel had a telephone conversation in which defendant's attorney said that he did not object to plaintiff obtaining additional time to file her posttrial motion. On October 4, 2004, plaintiff faxed the trial court a second motion to extend the time for filing a posttrial motion. The following day, the trial court issued an order stating that plaintiff had not "filed a motion for this Court to act upon," because the motion did not comply with local court rules and had not been filed with the clerk. The order additionally stated that plaintiff's reason for requesting an extension, to comply with initial deadlines in federal court cases, was inadequate.

In spite of this ruling, on October 13, 2004, the trial court "entered" plaintiff's second motion to extend the time for filing a posttrial motion. It held a hearing on the motion on October 28, 2004. At the hearing, defendant argued that the trial court lacked jurisdiction to extend the filing deadline, because plaintiff failed to obtain an extension before the previous extension had expired. The trial court disagreed and granted plaintiff's motion; plaintiff was given leave to file a posttrial motion by November 25, 2004.

Plaintiff filed her posttrial motion on November 29, 2004.[1] She argued that the trial court erred by allowing photographs of the vehicles, without expert causation testimony;

---

[1]Thanksgiving fell on Thursday, November 25, 2004, and the following day was also a court holiday. Thus, plaintiff filed her posttrial motion on Monday, November 29, 2004, within the time

that a juror was improperly dismissed; and that defendant's closing argument was so inflammatory as to warrant reversal. Defendant's response to plaintiff's motion reasserted his jurisdictional argument, in addition to asserting that the substance of the motion lacked merit. The trial court denied plaintiff's posttrial motion on January 20, 2005, and she filed a notice of appeal on February 16, 2005.

## II. ANALYSIS

Defendant argues that plaintiff's failure to timely obtain an order for a second extension of time in which to file her posttrial motion deprived the trial court of jurisdiction to grant the October 28, 2004, extension. Whether the trial court had subject matter jurisdiction to grant this extension is a question of law, which we review de novo. See In re Marriage of Miller, 363 Ill. App. 3d 906, 912 (2006).

Section 2--1202(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2--1202(c) (West 2004)) requires that a posttrial motion "be filed within 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof." Thus, for the trial court to extend the time to file a posttrial motion beyond the initial 30-day period, it must enter such an order within the 30-day period or within any period of extension already given. In re Estate of Kunsch, 342 Ill. App. 3d 552, 554 (2003). If the initial 30-day period or any period of extension expires without the entry of an order setting a new deadline, the trial court loses jurisdiction over the case. Trentman v. Kappel, 333 Ill. App. 3d 440, 442 (2002); see also In re Marriage of Orlando, 218 Ill. App. 3d 312, 324 (1991) (in a civil case, the trial

limit of the second extension. See 5 ILCS 70/1.11 (West 2004).

court generally loses subject matter jurisdiction 30 days after the entry of the final judgment).

In Kwak v. St. Anthony De Padua Hospital, 54 Ill. App. 3d 719 (1977), the appellate court

analyzed the requirements for obtaining an extension of time in which to file a posttrial motion. In Kwak, the trial court dismissed one of the defendants as a party on January 26, 1976. Subsequently, on January 29, 1976, a directed verdict was entered in favor of the other defendant. Kwak, 54 Ill. App. 3d at 723. On February 23, 1976, the plaintiff filed a motion to extend the time for filing posttrial motions as to both orders, but the trial court did not grant the extension until March 10, 1976, after the 30-day periods had expired on February 25, 1976, and February 28, 1976. Kwak, 54 Ill. App. 3d at 723-24. The plaintiff then filed her posttrial motions on March 18, 1976, and the trial court denied the motions on June 7, 1976. The plaintiff appealed on July 7, 1976. Kwak, 54 Ill. App. 3d at 723.

Despite the fact that the plaintiff had filed her motions for extensions within the applicable deadlines, the appellate court held that the trial court was without jurisdiction to hear her motions on March 10, because the plaintiff had neither filed her posttrial motions nor obtained extensions of time in which to file the motions before their deadlines. Kwak, 54 Ill. App. 3d at 724; see also In re Estate of Kunsch, 342 Ill. App. 3d at 554-55 ("when a trial court fails to allow an extension of time to file a posttrial motion within the initial 30-day period, there is no jurisdiction to later grant a plaintiff additional time or to consider a posttrial motion attacking the final judgment"). In response to the plaintiff's argument that the trial judge was out of town when her motion for an extension was filed, the appellate

court pointed out that the plaintiff could have petitioned the appellate court for leave to file a late notice of appeal under Supreme Court Rule 303(e). Kwak, 54 Ill. App. 3d at 724-25.

Similarly, in Trentman, the appellate court held that although the plaintiff had properly obtained nine extensions for filing his posttrial motion and had timely requested a tenth extension, the plaintiff's failure to either obtain the extension or file the posttrial motion by the deadline deprived the trial court of jurisdiction to address such motions. Trentman, 333 Ill. App. 3d at 444.

Here, the judgment was entered on August 5, 2004, and plaintiff timely obtained an extension within the initial 30-day period; the trial court granted plaintiff's motion for an extension on September 3, 2004. Plaintiff was given until October 4, 2004, to file her posttrial motion. Plaintiff attempted to obtain a second extension by faxing the court a motion for an extension on October 4, 2004, but the trial court determined that the motion was not properly filed with the clerk, violated local court rules, and did not profess an adequate reason for the extension request. Regardless of whether the October 4 motion for an extension was properly filed, it is clear that on October 4, plaintiff had failed to either file her posttrial motion or obtain an extension to file the posttrial motion. Accordingly, the trial court lacked jurisdiction to later grant plaintiff additional time in which to file the motion. See Trentman, 333 Ill. App. 3d at 444.

Plaintiff argues that because defendant's attorney stated in the October 1, 2004, telephone conversation that he did not object to plaintiff obtaining another extension to file her posttrial motion, the trial court had the authority to equitably extend the deadline for filing the posttrial motion. Plaintiff cites only one case, Crescent Electric Supply Co. v. Diamac Electric, Inc., No. 1--98--3043 (2000) (unpublished order under Supreme Court

Rule 23).  Plaintiff's reliance on this case is in error, as Rule 23 orders are not precedential and may not be cited by parties except to support contentions of double jeopardy, res judicata, collateral estoppel, or law of the case.  166 Ill. 2d R. 23(e); People v. Wilder, 356 Ill. App. 3d 712, 718-19 (2005).

Still, we recognize that there is some support for the proposition that the time for filing a posttrial motion can be extended by agreement of the parties.  The primary case espousing this principle is Krotke v. Chicago, Rock Island & Pacific R.R. Co., 26 Ill. App. 3d 493 (1974).  There, judgment was entered for the plaintiff on November 25, 1969.  In a telephone conversation between the parties' counsel on December 22, 1969, the plaintiff agreed that it would not object to an extension of time within which the defendant could file its posttrial motion.  The following day, the plaintiff received, signed, and mailed to the defendant a written stipulation that the defendant would have until January 26, 1970, to file its posttrial motion.  The stipulation was not filed with the trial court until December 30, 1969, 31 days after the judgment had been entered.  The trial court entered an order, over the plaintiff's objection, extending to January 26 the time for filing the posttrial motion. The defendant filed its posttrial motion on January 20, 1970.  Krotke, 26 Ill. App. 3d at 495.  The plaintiff later moved to strike the defendant's posttrial motion, on the basis that the trial court lacked jurisdiction to extend the filing time.  Krotke, 26 Ill. App. 3d at 495-96.  The trial court denied the plaintiff's motion to strike and entered judgment n.o.v. for the defendant.

The appellate court affirmed the trial court's decision.  Krotke, 26 Ill. App. 3d at 500. In doing so, it recognized that a court generally loses power to review its judgment through the passage of time.  However, it stated that even after 30 days, a court still has the power to alter, modify, or set aside its judgment, with the parties' consent.  The appellate court

reasoned that, based upon the consent exception, the parties' stipulation validly extended the time for filing the defendant's posttrial motion. Krotke, 26 Ill. App. 3d at 496. The court stated:

"The statute imposing a time limitation within which a party must file his post-trial motion is not inconsistent with the inherent power of courts of general jurisdiction to enter orders modifying or vacating their judgments pursuant to the express consent and agreement of all the interested parties. [Citation.] It was within the discretion of the trial court, at the time the stipulation was presented, and the order of extension entered, to determine that the stipulation was valid and whether the time agreed upon within which to file was reasonable. The time stated in the order clearly was reasonable and plaintiff does not contest the validity of the stipulation. Plaintiff has waived his right to rely on the absolute finality of the judgment as provided in section 68.1(3), and thus is not prejudiced by our holding. He cannot complain of that which he agreed to do." Krotke, 26 Ill. App. 3d at 496.

On the other hand, our supreme court has stated that lack of subject matter jurisdiction is not subject to waiver and cannot be cured through the parties' consent. People v. Flowers, 208 Ill. 2d 291, 302 (2003), citing Toman v. Park Castles Apartment Building Corp., 375 Ill. 293, 302 (1940). This principle seems to be at odds with the holding in Krotke and with the revestment doctrine, which allows the parties to revest a court with both personal and subject matter jurisdiction even after the 30-day period following the final judgment, when posttrial motions must ordinarily be filed. People v. Kaeding, 98 Ill. 2d 237, 240 (1983). The revestment doctrine applies when (1) the parties actively participate in proceedings, without objection, and (2) the proceedings are inconsistent with the merits of the prior judgment. Kaeding,

98 Ill. 2d at 241.  This court recently addressed the apparent conflict between the revestment doctrine and the proposition that the lack of subject matter jurisdiction cannot be cured by consent of the parties.  In People v. Montiel, 365 Ill. App. 3d 601, 605 (2006), this court held that "it is not consent but active participation that revests jurisdiction." (Emphasis in original.)

We believe that this reasoning is also applicable to the instant case and, therefore, disagree with Krotke.  Plaintiff had until October 4, 2004, to either file a posttrial motion or obtain a second extension of time in which to file the posttrial motion.  Because plaintiff failed to do either, the trial court lost jurisdiction to grant plaintiff's motion for a second extension of time.  Defendant's October 1, 2004, agreement that he would not object to plaintiff requesting a second extension of time to file her posttrial motion did not somehow revest the trial court with jurisdiction over the matter or otherwise trump the requirements of section 2--1202 of the Code, because defendant did not actively participate in the subsequent proceedings without objection.  Instead, at the first opportunity, he objected to the trial court's jurisdiction over the case, because plaintiff had failed to timely secure an extension.

### III.  CONCLUSION

Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)) requires that a notice of appeal be filed within 30 days of the entry of the final judgment, or, if a timely posttrial motion directed against the judgment has been filed, within 30 days after the entry of the order disposing of that motion.  The failure to timely file a notice of appeal deprives this court of jurisdiction.  See 155 Ill. 2d R. 301; In re Estate of Kunsch, 342 Ill. App. 3d at 553. After plaintiff obtained her initial extension of time, she had until October 4, 2004, to either

file a posttrial motion or obtain another extension of time in which to file a posttrial motion. As plaintiff failed to satisfy either of these alternatives, her February 16, 2005, notice of appeal is untimely, and we lack jurisdiction to consider her appeal.

Appeal dismissed.

O'MALLEY and GILLERAN JOHNSON, JJ., concur.