FIFTH DIVISION
February 25, 2011

No. 1-09-1561

| | | |
|---|---|---|
| WILLA MANNING, Special Administratrix of the Estate of David Wilson, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05 L 11551 |
| THE CITY OF CHICAGO, a Municipal Corporation, and LUKE DALY, Star No. 21064, | ) ) ) | The Honorable Richard J. Elrod, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.

Justices Howse and Epstein concurred in the judgment and opinion.

## OPINION

David Wilson originally brought suit against defendants-appellees the City of Chicago, a municipal corporation, and Detective Luke Daly, star No. 21064 (defendants or as named), related to an incident which resulted in Detective Daly shooting Wilson while in an interview room at police headquarters. Following trial, a jury returned a verdict in favor of defendants. Wilson appealed; during the pendency of his appeal, Wilson died. Thereafter, plaintiff Willa Manning, special administratrix of the estate of David Wilson, deceased (plaintiff), assumed Wilson's appeal. Currently, plaintiff presents nine contentions on review, asserting, in brief, several errors by the trial court concerning, in part, jury instructions, expert and witness testimony, the introduction of a prior conviction, and its decisions to dismiss counts of Wilson's

complaint and to deny him leave to file a second amended complaint. Plaintiff asks that we reverse the trial court's entry of judgment on the jury's verdict in favor of defendants and that we remand the matter for a new trial.

We find, however, that we are without jurisdiction to consider this appeal because the notice of appeal was not timely filed. Therefore, pursuant to our analysis below, we must dismiss this cause.

BACKGROUND

Because our decision turns on jurisdiction and the timeliness of the notice of appeal, we need not present a full recitation of the facts involved in the incident at issue or the resulting jury trial. Instead, we present only those facts relevant to our disposition herein.

As noted, Wilson was shot by Detective Daly while in custody on a warrant for two forcible felonies; the incident took place in an interview room at police headquarters. Wilson was shot in the stomach, right forearm and left upper arm, and his wounds caused paralysis in his legs. In October 2005, Wilson brought a two-count complaint against defendants alleging willful and wanton conduct and agency; he later filed an amended complaint to include two additional counts for negligence under the special duty exception to the public duty rule. The trial court eventually dismissed the negligence counts and denied Wilson's motion to file a second amended complaint. The cause proceeded to a jury trial on the willful and wanton and agency counts. Following several motions *in limine* and the presentation of multiple witnesses and forensic evidence, the jury returned a verdict in favor of defendants. In response to a special interrogatory, the jury found that when he shot Wilson, Detective Daly "reasonably believe[d] that such force was

necessary to prevent imminent death or great bodily harm to himself."

The trial court entered judgment on the jury's verdict on September 4, 2008. Wilson moved for an extension of time to file his posttrial motion. The court granted his motion on October 6, 2008, giving him until December 19, 2008, to file his posttrial motion. Then, on December 18, 2008, Wilson moved for a second extension to time to file his posttrial motion. However, the court did not grant his motion until December 29, 2008, giving him until February 2, 2009, to file his posttrial motion. The record further indicates that Wilson later filed a motion for a third extension of time in which to file his posttrial motion, and that the court granted this on February 5, 2009, giving him until February 9, 2009, to file a posttrial motion. Wilson filed his posttrial motion for a new trial on February 9, 2009. The trial court denied his motion on May 19, 2009. Wilson filed his notice of appeal on June 17, 2009.

On June 22, 2010, during the pendency of his appeal before our court, Wilson died. Plaintiff was appointed in this matter on Wilson's behalf.

ANALYSIS

We state at the outset that the record is clear that the trial court lost jurisdiction over Wilson's matter as of December 19, 2008, long before he filed his notice of appeal and, thus, we are deprived of jurisdiction to hear plaintiff's appeal.

Our state's rules and procedures regarding legal proceedings are not mere suggestions but, instead, are required to be followed by all parties to a cause of action in our courts. See *Trentman v. Kappel*, 333 Ill. App. 3d 440, 441 (2002). Illinois Supreme Court Rule 303(a)(1) (Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008)) mandates that, in order for our court to be vested

3

No. 1-09-1561

with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final judgment in the trial court, or, if a timely posttrial motion directed against the judgment has been filed, within 30 days after the entry of the order disposing of that motion. See also Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Relatedly, section 2-1202(c) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1202(c) (West 2008)) governs the time requirements applicable to the filing of posttrial motions. Section 2-1202(c) states:

> "Post[ ]trial motions must be filed within 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2-1202(c) (West 2008).

Our court has specifically and repeatedly made clear that the language of section 2-1202(c) is plain and unambiguous--"if the trial court extends the time in which to file a posttrial motion beyond the initial 30-day period, that order of time extension must be entered within the 30-day period or within any period of extension already given. In other words, after the 30-day period has expired, or the extended period of time has expired, without the entry of a new order setting a new deadline, the trial court loses jurisdiction over the case." *Trentman*, 333 Ill. App. 3d at 442. And, once the trial court loses jurisdiction, any subsequent orders entered, including a notice of appeal which would vest jurisdiction with our court, are not viable. See *Trentman*, 333 Ill. App. 3d at 444; accord *In re Estate of Kunsch*, 342 Ill. App. 3d 552, 559 (2003).

A prime example of the operation of section 2-1202(c), and its applicability to the instant cause, is found in *Trentman*. There, the trial court entered judgment on a jury verdict in favor of

4

the defendants and against the plaintiff in a medical malpractice action. Following this, the plaintiff went on to file some 13 motions for an extension of time to file a posttrial motion. See *Trentman*, 333 Ill. App. 3d at 441. Of these, the first nine were timely, and properly, filed. See *Trentman*, 333 Ill. App. 3d at 443. In granting the ninth extension, the trial court gave the plaintiff until January 4, 2000, to file his posttrial motion or obtain another extension. While the plaintiff filed a motion for (his tenth) extension on January 3, before the deadline, the order granting this was not entered until January 5, after the deadline. See *Trentman*, 333 Ill. App. 3d at 441, 443. The trial court went on to address and grant subsequent extensions and, eventually, the plaintiff filed a notice of appeal.

On appeal, the reviewing court's jurisdiction over the matter was questioned. Citing the "evident and exact" language of section 2-1202(c), the *Trentman* court found that it had to dismiss the appeal. *Trentman*, 333 Ill. App. 3d at 443. The *Trentman* court noted the principles of section 2-1202(c), namely, that if a party cannot file his posttrial motion within the original 30-day period, he must obtain an extension from the trial court within that 30-day period, and if he does not, the trial court loses jurisdiction to allow any further extensions. See *Trentman*, 333 Ill. App. 3d at 443. The *Trentman* court emphasized that the key to section 2-1202(c) is that the party seeking the extension of time in which to file his posttrial motion must *obtain and secure* this extension prior to the expiration of the previously extended deadline. See *Trentman*, 333 Ill. App. 3d at 443. In other words, pursuant to section 2-1202(c), "both the request and the order must occur before the deadline." *Trentman*, 333 Ill. App. 3d at 444. While the plaintiff in *Trentman* filed for his tenth extension of time on January 3, before the end of the previously

5

extended deadline of January 4, he did not obtain and secure that tenth extension until January 5, after the deadline. Thus, because the January 4 deadline passed with no order entered, the trial court lost jurisdiction as of that date and all the orders it entered subsequent to January 4 were null and void. See *Trentman*, 333 Ill. App. 3d at 444. This, in turn, rendered the plaintiff's notice of appeal, filed more than six months after this deadline, untimely and divested the reviewing court of jurisdiction over his appeal. See *Trentman*, 333 Ill. App. 3d at 444; see also *Portock v. Freeman*, 53 Ill. App. 3d 1027, 1030 (1977) (no jurisdiction existed in reviewing court where the trial court allowed the plaintiff an extension of time to file his posttrial motion to November 5, but the plaintiff did not file the motion nor did he obtain another extension by that date; instead, trial court lost jurisdiction and notice of appeal was not timely filed); *Kwak v. St. Anthony De Padua Hospital*, 54 Ill. App. 3d 719, 724 (1977) (trial court lacked jurisdiction and appeal dismissed where, even though the plaintiff filed her motion for extension of time within the initial 30-day posttrial period, she did not receive an extension before the expiration of that period; accordingly, her posttrial motions filed thereafter were a nullity and her notice of appeal could not confer jurisdiction on reviewing court due to its untimeliness).

*Trentman* (and its progeny) was reaffirmed in *Kunsch*, an appeal also dismissed for lack of jurisdiction. In *Kunsch*, as in *Trentman*, a jury returned a verdict in favor of the defendants, and the trial court entered judgment on the verdict on March 19, 2002. On April 18, 2002, within the initial 30-day posttrial period outlined in section 2-1202(c), the plaintiff filed a motion for an extension of time to file his posttrial motion. See *Kunsch*, 342 Ill. App. 3d at 553. However, the trial court did not allow his motion until May 1, 2002, and, therefore, the plaintiff failed to obtain

6

and secure the extension before the statutory deadline. See *Kunsch*, 342 Ill. App. 3d at 553. The plaintiff eventually filed a posttrial motion, which was denied, and then a notice of appeal.

The *Kunsch* court, as the *Trentman* court, declared that it was without jurisdiction to consider the plaintiff's appeal because he failed to initiate it by filing a timely notice of appeal. See *Kunsch*, 342 Ill. App. 3d at 553, 559. Turning to section 2-1202(c), it, too, noted the section's clear principles, namely, that if the trial court extends the time for filing a posttrial motion beyond the initial 30-day period following its entry of judgment, that order must be entered within the 30-day period or within any period of extension already given; if, instead, the 30-day period expires without the entry of a new order setting a new deadline, the trial court loses jurisdiction over the case. See *Kunsch*, 342 Ill. App. 3d at 554. Again, the *Kunsch* court reiterated the requirement that both the request for the extension and the trial court's order granting the extension must occur before the operative deadline. See *Kunsch*, 342 Ill. App. 3d at 554. Accordingly, because the trial court's May 1 order giving the plaintiff an extension of time was granted well beyond the 30-day period following the entry of judgment on March 19, even though the plaintiff had requested it within that deadline (April 18), section 2-1202(c) operated to preclude the trial court's jurisdiction as of April 19, nullified its subsequent orders, and rendered the plaintiff's notice of appeal untimely. See *Kunsch*, 342 Ill. App. 3d at 555; see also *Lowenthal v. McDonald*, 367 Ill. App. 3d 919, 923 (2006) (where the plaintiff "failed to either file her posttrial motion or *obtain* [(emphasis in original)] an extension to file the posttrial motion" within the 30-day period granted by the trial court, the trial court lacked jurisdiction to entertain her subsequent motions and the reviewing court could not address appeal).

No. 1-09-1561

*Trentman* and *Kunsch*, along with *Kwak*, *Portock* and *Lowenthal*, make our ruling here clear. The trial court entered a final judgment on the jury's verdict against Wilson and for defendants on September 4, 2008. Within section 2-1202(c)'s 30-day time period, Wilson filed a motion for extension of time to file his posttrial motion. The court timely granted this and gave him until December 19, 2008, to file his posttrial motion. Wilson then filed a second motion for extension of time on December 18, 2008, within the newly extended deadline set by the trial court. However, that motion was not granted until December 29, 2008, well beyond the operative December 19, 2008, date. The record reflects, then, that while Wilson timely filed his motion for extension of time, he did not secure and obtain that extension within the previously extended deadline. In other words, after December 19, 2008, passed with no order entered, the trial court lost jurisdiction over Wilson's cause, and all orders entered by the trial court subsequent to December 19, 2008 (*i.e.*, its December 29 order granting Wilson's second motion for extension to February 2, and its February 5 order granting his third motion for extension to February 9[1]), exceeded the trial court's jurisdiction. In turn, his posttrial motion filed on February 9, 2009, was a nullity.

In her reply brief on appeal, plaintiff argues that jurisdiction is not, nor should it be, lost in

---

[1]We note for the record that the section 2-1202(c) violation was repeated during Wilson's request for a third extension of time to file his posttrial motion. That is, on December 29, 2008, the trial court extended Wilson's time to file his posttrial motion until February 2, 2009; however, again, Wilson did not file a posttrial motion, and he failed to secure and obtain an extension of time to do so until February 5, 2009, after the newly extended deadline.

8

our court for two reasons. First, she asserts that the notion that trial courts "must rely solely on" section 2-1202(c) to determine jurisdiction is "wrong[]" and in direct contradiction to their authority to control their own dockets. Alternatively, she insists that "defendants' conduct" in this cause revested the trial court with jurisdiction to rule on Wilson's posttrial motion and, thus, his notice of appeal was timely filed.

However, neither of plaintiff's arguments saves this appeal. First, while plaintiff is correct that trial courts are empowered to control their dockets (*Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995)), the fact remains, as we noted at the outset of our decision, that our state's rules and procedures regarding legal proceedings are not mere suggestions but, instead, are required to be followed by all parties to a cause of action in our courts. See *Trentman*, 333 Ill. App. 3d at 441 (Illinois' set of rules and procedures bind all legal proceedings commenced in its boundaries; these rules are "not aspirational in nature" but "are meant to be followed by all who seek justice in the court system"). This includes both Rule 303(a)(1) stating that a notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending posttrial motion, and section 2-1202(c) of the Code stating that the trial court's order extending the time for filing a posttrial motion must be entered within the 30-day posttrial period or within any period of extension already given. See *Kunsch*, 342 Ill. App. 3d at 553-54 (these rules are mandatory and are the basis for appellate jurisdiction); *Trentman*, 333 Ill. App. 3d at 441-42 (language of section 2-1202(c) "is quite plain and seems to be free of ambiguity"). It is these rules that govern the instant cause and operate to prohibit our jurisdiction over this appeal. See *Trentman*, 333 Ill. App. 3d at 444 (declaring the plaintiff's argument that section 2-1202(c) should not be applied

"hard and fast" "lack[s] logic" in the context of posttrial motion practice because the time frames are jurisdictional; "[i]f the time frame of an extension passes, the trial court loses its jurisdiction" and "is not able to grant any further extensions").

Moreover, plaintiff's argument concerning revestment also fails. She insists that "defendants' conduct" demonstrated active participation on their part which, in turn, kept this cause alive. From what we can glean from her reply brief, the conduct she seemingly refers to includes defendants' failure to object to jurisdiction during posttrial motion practice subsequent to December 19, 2008, their filing of a response to plaintiff's posttrial motion, and their alleged appearance at a hearing in the trial court on plaintiff's motion to file a supplemental record in our court. Plaintiff's argument is unsupported for several reasons. First, and foremost, we note that plaintiff fails to provide any record citation to her allegations that defendants never objected to Wilson's motions for extension of time, as well as any record citation to the defendants' response to the posttrial motion Wilson eventually filed. Without such record support, we cannot assume her allegations are true. See *Coleman v. Akpakpan*, 402 Ill. App. 3d 822, 824 (2010); *American States Insurance Co. v. CFM Construction Co.*, 398 Ill. App. 3d 994, 1001 (2010) (failure to cite record results in forfeiture of argument on appeal). Next, even were we to assume these allegations are true, "appellate jurisdiction cannot be conferred by *laches*, agreement, waiver or estoppel," and "[t]his includes the failure of one party *** to call the appellate court's attention to a jurisdictional defect." *Bernstein & Grazian, P.C. v. Grazian & Volpe, P.C.*, 402 Ill. App. 3d 961, 971 (2010) (regardless of party's action or inaction, appeal should never have been heard and it was "incumbent upon the justice of this court" to dismiss appeal); see also *Physicians Insurance*

10

No. 1-09-1561

*Exchange v. Jennings*, 316 Ill. App. 3d 443, 453 (2000); *Currie v. Lao*, 148 Ill. 2d 151, 157 (1992). Accordingly, defendants' failure to object here is irrelevant--regardless of their action or inaction in bringing attention to the jurisdictional issue, the rules at play, which we have thoroughly discussed above, mandate that we dismiss the instant appeal.

Further, the revestment doctrine is a narrow one; it applies only when the parties to a cause actively participate without objection in proceedings that are inconsistent with the merits of the prior judgment. See *Lowenthal*, 367 Ill. App. 3d at 924; accord *Wierzbicki v. Gleason*, 388 Ill. App. 3d 921, 927-28 (2009). Conduct which is inconsistent is any which can be fairly construed as an indication that the parties do not view the order entered as final and binding. *Ad-Ex, Inc. v. City of Chicago*, 207 Ill. App. 3d 163, 177 (1990). The key to this doctrine is that this conduct amounts to active participation, not mere consent. See *Lowenthal*, 367 Ill. App. 3d at 925. Even if the revestment doctrine could be considered herein, we cannot say, as plaintiff would have us, that the parties here actively participated in proceedings inconsistent with the merits of the trial court's judgment on the jury's verdict, so that they were acting as if it were not binding. The trial court lost jurisdiction over Wilson's appeal on December 19, 2008. Following that date, Wilson continued to file motions for extension of time to file his posttrial motion, and then eventually filed that posttrial motion in February 2009. The record reflects that defendants, meanwhile, did nothing other than seek an extension of time to file their response to Wilson's posttrial motion. Accordingly, it was not as if either side ignored the trial court's judgment on the jury's verdict and started to retry this case. To the contrary, the posttrial motion dealt with whether the judgment should be set aside; Wilson insisted that it should, while defendants argued

11

that it should not. Under these circumstances, revestment did not occur. See *Wierzbicki*, 388 Ill. App. 3d at 930-31 (revestment did not apply, since party's conduct was not inconsistent with judgment and did not amount to active participation) (citing *Sears v. Sears*, 85 Ill. 2d 253, 259-60 (1981) (parties did not imply by their conduct that judgment should be set aside and, thus, revestment doctrine did not apply)).

Finally, we must note the well-established principles that a party can challenge a void order at any time and that we, as the reviewing court, have a duty to refuse to entertain void orders when we have knowledge of them, regardless of when the issue of their validity was raised. See, *e.g.*, *Wierzbicki*, 388 Ill. App. 3d at 931 (reviewing courts must expunge from their records void acts). It is clear that section 2-1202(c) of the Code operated in the instant cause to render Wilson's posttrial motion a nullity and that, under Rule 303(a)(1), his notice of appeal was untimely. To do anything other than dismiss the instant appeal pursuant to these rules would be inappropriate.

In sum, the undisputable facts remain. After Wilson timely obtained (on October 6, 2008) his initial extension of time to file a posttrial motion following the trial court's entry of judgment on the jury's verdict, he had until December 19, 2008, to either file a posttrial motion or obtain another extension of time in which to file a posttrial motion. He failed to satisfy either of these alternatives. Therefore, section 2-1202(c) operated to preclude the trial court from later granting his request for a second (and third) extension of time to file his posttrial motion and from eventually denying his posttrial motion. See, *e.g.*, *Kunsch*, 342 Ill. App. 3d at 554-55 (citing *Trentman*, 333 Ill. App. 3d at 443, and *Kwak* 54 Ill. App. 3d at 724) ("when a trial court fails to

12

allow an extension of time to file a posttrial motion within the initial 30-day period [or subsequently within a newly extended deadline], there is no jurisdiction to later grant a plaintiff additional time or to consider a posttrial motion attacking the final judgment"). With these nullities, Wilson's notice of appeal filed on June 17, 2009, was, clearly, untimely, and we simply do not have jurisdiction to consider plaintiff's appeal.

CONCLUSION

Accordingly, for all the foregoing reasons, we dismiss the instant appeal.

Appeal dismissed.