# Illinois Official Reports

## Appellate Court

***People v. Hall*, 2017 IL App (1st) 150918**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADAM HALL, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-15-0918 |
| Rule 23 order filed<br>Rule 23 order withdrawn<br>Rehearing denied<br>Opinion filed | December 29, 2016<br><br>March 15, 2017<br>March 15, 2017<br>March 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County No. 09-CR-80003; the Hon. Thomas Byrne, Judge, presiding. |
| Judgment | Order vacated. |
| Counsel on Appeal | Eric J. Bell, of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Michael M. Glick and Daniel B. Lewin, Assistant Attorneys General, of counsel), for the People. |
| Panel | PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.<br>Justices Harris and Mikva concurred in the judgment and opinion. |

¶ 1    Following a trial, a jury determined that defendant, Adam Hall, was a sexually violent person as defined by the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2012)), and he was subsequently committed to the custody and care of the Department of Human Services. On appeal, defendant contends that he was denied his right to a fair trial and that the evidence was insufficient to prove that he was a sexually violent person. In a motion to dismiss that was taken with the case, the State asserts that this court does not have jurisdiction over this appeal. We agree with the State for reasons discussed below.

¶ 2    We present only the facts relevant to the analysis of our jurisdiction. On May 14, 2014, the trial court entered judgment on the jury's verdict that defendant was a sexually violent person. After the dispositional hearing that immediately followed, the court committed defendant to the care of the Department of Human Services for treatment in a detention facility and continued the matter for posttrial motions. Per the report of proceedings, the parties and the trial court had the following exchange:

"MS. WELKIE [Assistant State's Attorney]: I'll write [an order] up right now while you're in the back talking, and then I will have it for you—

MR. BELL [defense counsel]: I'm sorry, Judge, I'm trying to get a date here.

MS. WELKIE: What about—we'll waive the 30 days obviously.

THE COURT: You'll have the 30 days?

MS. WELKIE: We'll waive the 30 days. I mean we will not object if it's after the 30 days if it's all right with the Court.

MR. BELL: June 20.

MS. WELKIE: June 20 is fine if it's okay with the Court.

THE COURT: Is that a good date for you, Mr. Bell?

MR. BELL: Yes, 6/20, Judge.

THE COURT: All right. And we will set that down for any post-trial motions."

¶ 3    A written order provided that (1) the jury's verdict was taken by the court and entered into judgment, (2) defendant was committed to the custody and care of the Department of Human Services, and (3) defendant was to be transported to court on June 20, 2014, "for further status on this matter."[1]

¶ 4    On June 20, 2014, the parties appeared in court, where the following colloquy occurred:

"MR. BELL: Judge, at this time I would ask leave to file a motion for new trial. I have spoken with the State about this. Being that I just filed it right now and I haven't had a chance to review the transcript, I was wondering if I could have August 8th?

THE COURT: August 8th for arguments regarding post-trial motion."

¶ 5    The record does not include a report of proceedings for August 8, 2014. A criminal disposition sheet in the record indicates that on August 8, the parties by agreement set a new date of October 15, 2014, with the notation "MFNT."

---

[1]The order states that it was entered on May 12, 2014. However, the record indicates elsewhere that the order was entered on May 14, 2014.

¶ 6        At a proceeding on October 15, 2014, the State asserted that there was a motion for a new trial pending and the State was trying to obtain transcripts. The State suggested a date of December 5, 2014, for a hearing on the motion for a new trial and stated "[w]e will both have the transcripts before then." Defense counsel replied, "That is correct." The court stated, "It is going to be by agreement, 12/5."

¶ 7        On December 5, 2014, the State asserted that "there is a post trial motion on file, but [defense counsel] indicated that now that he received the transcript, he wants to file an amended motion." The State continued that defense counsel "assured me he can have something to me by the end of the month" and asked to set the matter for argument on January 21. Defense counsel responded, "That is correct to everything." The court set a date of January 21, 2015, for a hearing on defendant's posttrial motions.

¶ 8        At the proceeding on January 21, 2015, defense counsel stated that he filed a supplemental motion for a new trial and mailed a copy to the judge. The State replied that it had received the motion. The matter was continued to February 6, 2015, for argument. Defendant's supplemental motion for a new trial was file-stamped on January 26, 2015.

¶ 9        On February 6, 2015, the parties appeared in court for argument. Defense counsel stated that he filed an initial motion for a new trial "right after the trial occurred," but without a transcript. Defense counsel further stated that he filed a supplemental motion for a new trial after he had a chance to review the transcript. In his argument, defense counsel challenged certain aspects of the State's closing argument at trial and requested a new trial. In response, the State asserted that the motion for a new trial should be denied, maintaining that its closing argument at trial was proper and that defendant had waived various contentions. Ultimately, the court denied defendant's motion for a new trial. Defendant filed his notice of appeal on March 6, 2015.

¶ 10        On appeal, defendant contends the matter should be reversed and remanded for a new trial because the State made improper remarks to the jury. Defendant further argues that the judgment should be reversed because the evidence was insufficient to prove that he was a sexually violent person. We will not address the merits of defendant's arguments because we do not have jurisdiction over this appeal.

¶ 11        The State raises the jurisdiction issue in a motion to dismiss that was taken with the case. In that motion, the State notes that the court entered judgment against defendant on May 14, 2014. The State further asserts that defendant's posttrial motion was due on June 13, 2014, but that defendant neither requested nor obtained an extension to file the posttrial motion beyond that date. The State contends that as a result, the court lost jurisdiction over the case, which nullified any subsequent court orders and rendered his notice of appeal untimely. The State further argues that subject-matter jurisdiction may not be waived or cured by consent and the prosecutor's waiver did not revest the circuit court with jurisdiction.

¶ 12        In response, defendant asserts that he timely filed a motion for a new trial. Defendant contends that the State waived the 30-day requirement for posttrial motions and the court ordered the 30-day period extended. Additionally, defendant asserts that the State's position suggests that defense counsel cannot rely on the word of fellow prosecutors and that the Illinois Rules of Professional Conduct recognize that prosecutors bear special responsibilities.

¶ 13        Turning to the applicable law, except where otherwise provided, proceedings under the Act are governed by the Civil Practice Law. 725 ILCS 207/20 (West 2012). Further, section 2-1202(c) of the Code of Civil Procedure states that posttrial motions must be filed within 30

days after the entry of judgment "or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2-1202(c) (West 2012). Of note, a trial court loses jurisdiction over a case after 30 days have passed, unless within the 30-day period, the trial court extended the time in which a posttrial motion could be filed. *Trentman v. Kappel*, 333 Ill. App. 3d 440, 441-42 (2002). A notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or, if a timely posttrial motion directed against the judgment has been filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015).

¶ 14 Here, after the trial court entered the judgment on May 14, 2014, defendant had 30 days in which to file a posttrial motion. 735 ILCS 5/2-1202(c) (West 2012). Defendant asserts that the State waived the 30-day requirement and the trial court ordered an extension. To clarify, whether the State waived the 30-day requirement does not matter—what matters is whether the trial court actually ordered an extension for defendant to file a posttrial motion. See *Manning v. City of Chicago*, 407 Ill. App. 3d 849, 852 (2011) (if a party seeks an extension in which to file a posttrial motion, the party must obtain and secure the extension from the trial court before the previous deadline expires). The record on this point is uncertain. The exchange between the State, defense counsel, and the trial court on May 14 does not make clear whether the court ordered an extension for defendant to file a posttrial motion or merely ordered a hearing date of June 20, 2014. The court's written order from May 14 also does not state that defendant was granted an extension for filing a posttrial motion.

¶ 15 Yet, even if the trial court's May 14 order could be construed as ordering an extension for filing a posttrial motion to June 20, 2014, defendant's position suffers from a different and fatal flaw—the record does not indicate when his motion for a new trial was actually filed. Without citing to the record, defendant claims in his response to the State's motion to dismiss that he filed his motion for a new trial between May 14, 2014, and June 20, 2014. However, the motion for a new trial in the record does not have a file stamp. The State's reply to its motion to dismiss appended a copy of a motion for a new trial, but this too does not have a file stamp. The reports of proceedings also do not indicate when exactly defendant's motion for a new trial was filed. On June 20, 2014, defense counsel asked for leave to file a motion for a new trial but also stated that he filed it "right now." On December 5, 2014, the State acknowledged that a posttrial motion was on file. On February 6, 2015, defense counsel stated that he filed a posttrial motion "right after the trial occurred." These statements do not provide the exact date when the motion for a new trial was filed, and this court needs that date to determine if the motion was timely filed.

¶ 16 The appellant—here, defendant—has the burden to present a sufficiently complete record to support a claim of error on appeal. See *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). Any doubts that arise from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Because defendant has not provided a file-stamped copy of his motion for a new trial or other clear evidence of when it was filed, we conclude the motion was not timely filed, either for a June 13 or June 20, 2014, deadline. As a result, the trial court lost jurisdiction to entertain a posttrial motion on the merits. See *Portock v. Freeman*, 53 Ill. App. 3d 1027, 1030 (1977) (where party failed to timely file a posttrial motion, trial court lost jurisdiction to entertain the motion on its merits). The trial court also lost jurisdiction to grant additional time to file a posttrial motion, which includes the supplemental motion for a new trial that was ultimately filed in January 2015. See *Lowenthal v.*

*McDonald*, 367 Ill. App. 3d 919, 923 (2006) (where party failed to either file a posttrial motion or obtain a further extension to file a posttrial motion, trial court lacked jurisdiction to grant additional time to file the motion).

¶ 17 For the sake of completeness, we note that the revestment doctrine does not apply here. The revestment doctrine acts as an exception to the rule that a trial court loses jurisdiction to hear a cause after the end of the 30-day period following a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. The doctrine applies when both parties "(1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; and (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." (Emphasis omitted.) *Id.* ¶ 25. While both parties actively participated in the posttrial proceedings and did not mention that defendant's posttrial motions were untimely, the third requirement for revestment was not met. At the hearing on February 6, 2015, the State actively opposed defendant's request for a new trial. The State defended the merits of the prior judgment and did not seek to set it aside, which precludes revesting the trial court with jurisdiction. See *id.* ¶ 27.

¶ 18 As noted, the trial court did not have jurisdiction to address defendant's posttrial motions. Further, defendant did not timely file a postjudgment motion that would have tolled the 30-day period for filing a notice of appeal, and defendant's notice of appeal was not filed until March 6, 2015. Consequently, we do not have jurisdiction over this appeal. See Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015) (notice of appeal must be filed within 30 days after entry of final judgment appealed from or, if timely posttrial motion is filed, within 30 days after entry of order disposing of last pending postjudgment motion); *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009) (timely filed notice of appeal is jurisdictional and mandatory). The next question is how to proceed. A trial court's lack of jurisdiction is not a complete bar to the exercise of the appellate court's jurisdiction. *Bailey*, 2014 IL 115459, ¶ 29. In that case, the appellate court is limited to considering the trial court's jurisdiction. *Id.* With this in mind, the appropriate remedy here is not to dismiss the appeal, since that would leave the trial court's ruling on the merits of defendant's posttrial motions intact even though the trial court did not have jurisdiction. *Id.* ¶ 28. Instead, we vacate the trial court's February 6, 2015, order that denied defendant's posttrial motions. See *id.* ¶ 29. Defendant should have filed his notice of appeal within 30 days of the May 14, 2014, order, there being no timely filed posttrial motion in the record. Defendant's judgment as a sexually violent person and commitment to the custody and care of the Department of Human Services stands.

¶ 19 We recognize that our finding that we cannot assess the merits of defendant's appeal leads to a harsh result. We urge defense counsel to consider other options for pursuing defendant's claims, whether in the circuit court or the Illinois Supreme Court.

¶ 20 Order vacated.